[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13504
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORGE MANDULEY,
a.k.a. Norge Mandulay,
a.k.a. Norge,
a.k.a. Noje,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Norge Manduley appeals his conviction for one count of conspiracy to possess with intent to distribute less than 100 marijuana plants, in violation of 21 U.S.C. § 841(b)(1)(C), and his 240-month sentence. After a jury trial, Manduley was convicted of his participation in the marijuana conspiracy but was acquitted of various charges stemming from an alleged carjacking, kidnapping, and murder that Manduley allegedly committed on behalf of the drug organization against the leader of a rival organization. On appeal, Manduley contends the district court abused its discretion by permitting the government to introduce into evidence Manduley's prior state felony conviction and information from Manduley's probation file from a different, unrelated matter. He next argues that the district court abused its discretion when it excluded as hearsay evidence a statement of his co-defendant, German Silvestro, that Silvestro overheard another co-defendant, Juan Filipe Casteneda, admit to the murder that Manduley was alleged to have committed. Manduley further argues that his statutory maximum sentence, based on conduct for which he was acquitted, was procedurally and substantively unreasonable. Lastly, Manduley argues for the first time on appeal that the district court violated his due process rights by ordering his 240-month statutory maximum sentence to run consecutive to his ten-year state court sentence for an unrelated state felony conviction.

2

I.

We review the district court's rulings on admission of evidence for an abuse of discretion. *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013). Even where an abuse of discretion is shown, we need not reverse a conviction if the evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir. 1982).

However, when the district court refers a nondispositive matter to a magistrate judge, a party has 14 days to submit written objections after being served with a copy of the magistrate's judge's written order. Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review." *Id.*

Federal Rule of Evidence 404(b) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character, but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) and (2).

3

Federal Rule of Evidence 403 provides that the district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.  Fed. R. Evid. 403. Evidence of another crime, wrong, or act is admissible if (1) it is relevant to an issue other than the defendant's character, (2) there is sufficient proof to allow a jury to find that defendant committed the extrinsic act, and (3) the evidence possesses probative value that is not substantially outweighed by its undue prejudice and otherwise meets requirements of Rule 403.  *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012).

Manduley waived any argument that the evidence of his prior conviction should not be admitted because he failed to object to the magistrate judge's order that the evidence be admitted.  *See* Fed. R. Crim. P. 59(a).  Accordingly, we will not review his arguments here.

The district court did not abuse its discretion by allowing pages from Manduley's probation file into evidence.  The portion of the probation file admitted into evidence consisted of Manduley's self-reported contact and employment information, and the phone numbers he provided corresponded to phone numbers of drug conspiracy members and co-defendants charged with conspiring to kidnap and murder.  This evidence, which was probative of

4

Manduley's participation in the charged offenses and not Manduley's character, was limited to the relevant contact information evidence, and therefore was not impermissible extrinsic evidence of an uncharged offense. *See* Fed. R. Evid. 404(b). Furthermore, the highly probative value of the evidence substantially outweighed any prejudicial effect that may have resulted from the jury's knowledge that the information came from a probation file. *See* Fed. R. Evid. 403. Accordingly, the district court did not abuse its discretion by allowing the evidence and took measures to limit any potential prejudice. *See Sanders*, 668 F.3d at 1314. Moreover, even if the court did commit error, the error was harmless in light of the ample evidence of Manduley's guilt in the marijuana conspiracy. *See Fortenberry*, 971 F.2d at 722.

## II.

A statement is hearsay if "(1) the declarant does not make [it] while testifying at the current trial or hearing; and (2) a party offers [it] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "The rule is intended to allow for introduction of co-conspirators' statements as evidence against them as defendants." *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986). Accordingly, because the prosecution

5

is not a "party" against whom such evidence can be offered, an exculpatory hearsay statement made by a defendant's co-conspirator is inadmissible. *Id.* Where a constitutional violation may have occurred as the result of error, the conviction need not be reversed where the error is harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The district court did not abuse its discretion in excluding Silvestro's testimony about his prior statement. Rule 801(d)(2)(E) was not an applicable exception to the hearsay rule because Manduley offered the statement as an exculpatory statement made by a co-conspirator. *See Kapp*, 781 F.2d at 1014. Even if the district court abused its discretion by excluding Silvestro's out of court statement as inadmissible hearsay or violated Manduley's purported due process right to admit an exculpatory statement, the error was harmless beyond a reasonable doubt. *Chapman*, 386 U.S. at 24, 87 S.Ct. at 828. Castaneda's statement, offered through Silvestro, would have related solely to the kidnapping and murder charges, of which Manduley was acquitted. The evidence connecting Manduley to the drug conspiracy, for which he was convicted, was overwhelming, and admission of Silvestro's statement would not have impacted the jury's verdict on that count. Accordingly, the statement "had no substantial influence on the

6

outcome and sufficient evidence uninfected by error supports the verdict."

*Fortenberry*, 971 F.2d at 722.

III.

When reviewing the district court's findings with respect to a Guidelines issue, we consider legal issues *de novo*, factual findings for clear error, and the district court's application of the guidelines to the facts with due deference, which is tantamount to clear error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). For a finding to be clearly erroneous, the district court's finding must leave us with a "definite and firm conviction that a mistake has been committed." *Id.*

We review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The appellant has the burden of establishing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51,

7

128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

In reviewing for substantive reasonableness, we consider the totality of the facts and circumstances in evaluating whether the sentence lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1189-1190 (11th Cir. 2010) (*en banc*). Although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offender, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)–(7).

At sentencing, the district court may consider conduct of which defendant has been acquitted, so long as that conduct has been proved by a preponderance of

8

evidence. *United States v. Watts*, 519 U.S. 148, 149, 117 S.Ct. 633, 634, 136 L.Ed.2d 554 (1997).

Pursuant to U.S.S.G. § 2D1.1, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, [a sentencing court should] apply § 2A1.1 (First Degree Murder)." U.S.S.G. § 2D1.1(d)(1). First degree murder receives a base offense level of 43. U.S.S.G. § 2A1.1. That offense level applies to both premeditated killings, and to felony murder such as bank robbery. *Id.* comment. (nn.1-2).

Manduley's statutory maximum 240-month sentence is not procedurally or substantively unreasonable. The district court correctly applied the cross-reference to the murder guideline to reach a base offense level of 43 because the district court found by a preponderance of the evidence that the victim in this matter was killed. Although Manduley was acquitted of the murder charge, under *Watts*, the district court was permitted to consider the acquitted conduct for the purposes of sentencing, so long as that conduct was proved by preponderance of evidence. 519 U.S. at 149, 117 S.Ct. at 634. Accordingly, the district court did not procedurally err when applying § 2A1.1 and setting Manduley's base offense level at 43.

Manduley's sentence is not substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. In light of the serious nature of the

crime, which resulted in kidnapping and murder, it was not a clear abuse of discretion to sentence Manduley to 240 months. Rather, Manduley's sentence promotes respect for the law, provides just punishment, deters criminal conduct, and protects the public from Manduley's future criminal conduct. 18 U.S.C. § 3553(a)(2). Manduley has not met his burden of showing that his 240-month sentence is outside the range of reasonable sentences. *See Irey*, 612 F.3d 1189-1190.

IV.

When a defendant fails to assert his objection before the district court at sentencing, we review for plain error. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. *Id.* at 822. An error is "plain" if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred. *Id.*

Where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. 18 U.S.C. § 3584(a). To determine whether to impose a sentence concurrently, partially concurrently, or consecutively to an undischarged

term of imprisonment, the court should consider the factors enumerated in § 3553(a). *Id.* § 3584(b); U.S.S.G. § 5G1.3(c). In addition, the commentary to § 5G3.1 provides that the court should also consider, *inter alia*, any other circumstance relevant to the determination of an appropriate sentence for the instant offense. U.S.S.G. § 5G1.3, comment. (n.3).

Manduley did not object at sentencing to his sentence being run consecutive to his state sentence, nor did he argue before or after imposition of sentence that the consecutive nature of the sentence violated his due process rights. We therefore review his argument for plain error. *Ramirez-Flores*, 743 F.3d at 821.

Manduley does not demonstrate that any error occurred, let alone plain error. The state charge was unrelated to the instant offense, and it was within the district court's discretion to impose his federal sentence consecutive to his undischarged state court sentence. *See* 18 U.S.C. § 3584(a). Moreover, Manduley does not provide support for his purely factual contention that his state sentence was to run concurrent to his federal sentence, and he points to no controlling authority that the district court violated.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**