[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15625
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60205-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEREZ MANUEL PEGUERO,
a.k.a. Alexander Marcelino Perez-Sanchez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 13, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Perez-Peguero appeals his 46-month sentence, imposed at the low end of the advisory guideline range, after pleading guilty to one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).  On appeal, Perez-Peguero argues that the District Court abused its discretion because his 46-month sentence was substantively unreasonable.  He argues that the PSI contained no description of his role in a prior drug trafficking conviction that caused a 16-level increase in his offense level, and that the Court "ignored, or failed to adequately consider" his argument for a downward variance.  After careful review, we affirm.

Perez-Peguero is a native and citizen of the Dominican Republic.  He has been removed from the United States on three occasions prior to arrest in the present case.  Previously, he had been removed following a felony drug trafficking conviction.  Perez-Peguero's guideline range at sentencing was 46-57 months.  He moved the District Court for a downward variance, arguing that he should only be sentenced to imprisonment for 30 months.  The District Court heard argument on the motion, and, after stating that it considered "statements by all the parties" and undertook "a complete review of the entire presentence report which contains the advisory guideline computation and range," sentenced Perez-Peguero to 46 months imprisonment.  The District Court asked whether Perez-Peguero objected to the sentence, and he did not.

2

Ordinarily, we review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). However, we review sentencing arguments raised for the first time on appeal for plain error. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011). Plain error occurs when the district court (1) made an error; (2) that error is plain or obvious; (3) the error affects a substantial right of the defendant; and (4) the error "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

Because Perez-Peguero failed to object to his sentence, we review it for plain error. Perez-Peguero mainly challenges the sufficiency of the District Court's explanation regarding his sentence. The district court is required to consider all the factors contained in 18 U.S.C. § 3553(a) and decide whether the factors support the sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, the district court sufficiently addresses the § 3553(a) factors when it acknowledges that it has considered the factors and the defendant's arguments. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). When imposing a sentence, the court need not "articulate his findings and reasoning with great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*).

3

Here, the lack of explicit explanation was not an error, plain or otherwise, because the Court heard and acknowledged Perez-Peguero's argument and stated that it had considered the statements of the parties and the § 3553(a) factors. *See Gonzalez*, 550 F.3d at 1324. The Court was required to do no more. *See Irey*, 612 F.3d at 1195. Moreover, Perez-Peguero waived the right to object to the contents of the PSI on appeal because he did not raise a clear and specific objection to it at sentencing. *United States v. Ramirez-Flores*, 743 F.3d 816, 824 (11th Cir. 2014); *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). Thus, Perez-Peguero has not shown that his sentence was unreasonable on that basis.

Had Perez-Peguero attacked the substantive reasonableness on some other basis, the argument likely would have failed. Two key elements of his sentence indicate that it was reasonable. First, we ordinarily expect a sentence falling within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Second, a sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324. Perez-Peguero's 46-month sentence was less than half of the statutory maximum of 120 months and was the lowest sentence recommended in his guideline range. Therefore, the district court did not abuse its discretion in imposing a 46-month sentence. Accordingly, Perez-Peguero's sentence is

**AFFIRMED.**

4