[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13266
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60074-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT LEON COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 12, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Roosevelt Cooper appeals his 60-month, above-guideline sentence for possessing a firearm as a convicted felon.  Cooper argues that the district court violated his Fifth Amendment privilege against self-incrimination by attempting to compel him to testify against his will about the firearm involved in the instant offense and by drawing an adverse factual inference from his silence.  Cooper specifically contends that the district court drew the negative inference that he may have possessed the firearm beyond the time required to pawn it and penalized him for his silence by imposing an upward variance.

Although we ordinarily review constitutional sentencing issues *de novo*, when a defendant fails to raise such an objection before the district court at sentencing, we review only for plain error.  *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).  To preserve an objection, a defendant must raise that point in such clear and simple language that the trial court may not misunderstand it. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  Under that standard, we will not correct the error unless the defendant shows (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  A defendant retains this privilege at his sentencing hearing.  *See Mitchell v. United States*, 526

U.S. 314, 321 (1999) (concluding, in cocaine conspiracy case where the defendant pled guilty, no negative factual inference may be drawn from a defendant's silence during sentencing with respect to the extent of her participation in the cocaine offense and the amount of cocaine attributable to the defendant).  The privilege against self-incrimination applies in a sentencing hearing, and any effort to compel a defendant to testify against his will during sentencing clearly would contravene the Fifth Amendment.  *United States v. Barrington*, 648 F.3d 1178, 1196 (11th Cir. 2011).

In *Mitchell*, the Supreme Court examined an appeal in which the defendant neither put on evidence at sentencing nor testified on the issue of drug quantity. 526 U.S. at 319.  The district court subsequently (1) determined that the defendant had no right to remain silent at sentencing, (2) relied in part on the defendant's decision not to testify in finding that the government's evidence was credible, and (3) stated that it had "held it against" the defendant that she had not testified.  *Id.* at 319.  After determining that the Fifth Amendment right against self-incrimination extends to sentencing hearings, the Supreme Court concluded that the district court erred in "holding [the defendant's] silence against her in determining the facts of the offense at the sentencing hearing."  *Id.* at 319, 328-30.

In *Barrington*, we stated that the defendant's contention that the district court drew an adverse inference from his silence was entirely speculative and that

3

"[n]othing in the district court's comments evinced an intent to impose a more severe sentence based on Barrington's failure to respond to the district court's question."  648 F.3d at 1197.  Instead, we concluded that the defendant "merely assume[d] that the district court relied on an adverse inference in view of the perceived harshness of the sentence.  However, his low-end Guidelines sentence belies any such inference having been drawn by the district court."  *Id.*  Additionally, we noted that *Mitchell* and *Rodriguez* were "factually different because they involve specific Guidelines calculations and other matters."  *Id.* at 1196; *see also Mitchell*, 529 U.S. at 319 (involving drug-quantity calculation); *United States v. Rodriguez*, 959 F.2d 193, 197 (11th Cir. 1992) (involving U.S.S.G. § 3E1.1 reduction).

If a district court concludes that the guideline range was insufficient in light of a defendant's criminal history, it may impose an upward variance.  *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

We now apply the foregoing principles to the issue before us—i.e. whether the district court violated Cooper's privilege against self-incrimination.  Because Cooper did not preserve for appeal the argument that the district court violated his Fifth Amendment rights by drawing an adverse inference against him based on his refusal to explain at sentencing his actions relating to his pawning the firearm, we

4

review pursuant to the plain error analysis.  We hold that Cooper has failed to establish the "plain" or "obvious" prong of the analysis.

Unlike the Supreme Court's *Mitchell* case where the district court labored under the misconception that the defendant had waived his Fifth Amendment rights by pleading guilty, Cooper's counsel specifically advised the district court here that the law was clear that Cooper retained his right to remain silent at sentencing notwithstanding his guilty plea.  It is neither "plain" nor "obvious" that the district court here failed to accept that as the binding law.  After accepting that as the law, it is true that the district court later noted that he did not have enough information about the gun and that Cooper had been given opportunities to provide information but had declined to do so.  However, it is neither "plain" nor "obvious" that the district court increased the upward variance because of that.  In other words, it is neither "plain" nor "obvious" that the district court drew a negative inference from Cooper's silence and penalized him on account thereof.  The district court expressly relied on his opinion that the Guidelines criminal history category seriously underrepresented Cooper's criminal history.

In the context of the sentencing hearing as a whole, especially the district court's obvious concern about Cooper's previous conviction involving a horrible rape, there is ample support for the district court's upward variance.  And it is

neither "plain" nor "obvious" that the district court violated Cooper's Fifth Amendment rights.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**