[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15602
_____

D. C. Docket No. 8:12-cr-00169-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RAMIREZ-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 21, 2014)

Before MARTIN and ANDERSON, Circuit Judges, and FULLER,* District Judge.

_____

*Honorable Mark E. Fuller, United States District Judge for the Middle District of
Alabama sitting by designation.

ANDERSON, Circuit Judge:

Lazaro Ramirez-Flores appeals his forty-six months sentence for illegal re-entry after deportation. Ramirez-Flores contends that the district court erred in deeming his 2007 South Carolina conviction for the burglary of a dwelling a "crime of violence" under United States Sentencing Guidelines ("Guidelines") §2L1.2(b)(1)(A)(ii), which mandates a sixteen-level enhancement. After careful review, we affirm the district court's judgment.

I.

Ramirez-Flores is a native and citizen of Mexico who first entered the United States illegally in 1998. On June 27, 2012, he pled guilty to illegal re-entry in violation of 8 U.S.C. §§1325(a)(1), 1326(a), and 1329.

Prior to sentencing, the Probation Office prepared a Presentence Investigation Report ("PSI") and calculated the applicable Guidelines range to be forty-six to fifty-seven months. The Probation Office based this determination on its finding that Ramirez-Flores' 2007 conviction for the burglary of a dwelling in violation of S.C. Code §16-11-312(A) qualified as a "crime of violence," leading to a sixteen-level enhancement. See U.S.S.G. §2L1.2(b)(1)(A)(ii). Importantly for this appeal, paragraph 28 of the PSI states that Ramirez-Flores "forcibly entered the victim's residence with a co-defendant and removed property from the residence."

2

Ramirez-Flores did not file written objections to the PSI, but he objected at the sentencing hearing to paragraph 17, which imposed the sixteen-level enhancement, and to the "application of the law [and] facts" in paragraph 28. Specifically, he argued that the South Carolina burglary conviction did not constitute a "crime of violence" because the corresponding judgment described the offense as "Burglary (Non-Violent)." He also speculated that, while the indictment charged him with entering the "dwelling" of the victim, he may have pled guilty to a lesser offense. The district court overruled the objection and applied the sixteen-level enhancement. Ramirez-Flores now challenges this determination.

Although the sentencing transcript suggests that neither party at sentencing was aware of this fact, both parties agree on appeal that S.C. Code §16-11-312(A) does not encompass only the federal "generic" definition of burglary. Rather, it encompasses not only unlawful entry into a residence, but also unlawful entry into non-generic structures, such as outhouses, sheds, or other buildings that are within two hundred yards of and appurtenant to a residence.[1] See S.C. Code §§16-11-10, 16-11-310(2), 16-11-312(A). In his initial brief on appeal, Ramirez-Flores argued that the South Carolina statute can be violated by entering into a non-generic

---

[1]    It is for this reason that the government, in its brief on appeal, concedes that a conviction under S.C. Code § 16-11-312(A) does not necessarily involve facts equating to generic burglary. Cf. United States v. McFalls, 592 F.3d 707, 712–14 (6th Cir. 2010) (holding that §16-11-312(A)'s "broad definition of 'dwelling' means that the crime encompasses more conduct than the generic definition of 'burglary of a dwelling'"). But cf. United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010) (holding that the text of §16-11-312(A) "tracks the generic definition of burglary").

structure, such as a shed appurtenant to and within 200 yards of a dwelling.  His brief expressly urged this court to engage in the modified categorical approach (described below), and argued that the government had failed to prove that his prior South Carolina conviction rested on anything other than entry into such a shed.  The brief argued that the indictment and the judgment of conviction do not clear up the ambiguity about which structure was entered, such that the government had failed to prove that the prior South Carolina conviction was a "crime of violence."

After the parties had completed briefing but before oral argument, the Supreme Court decided <u>Descamps v. United States</u>, ___ U.S. ___, 133 S. Ct. 2276 (2013), clarifying the proper analytical approach for determining whether a defendant's sentence should be enhanced.[2]  Ramirez-Flores argued for the first time at oral argument that S.C. Code §16-11-312(A) is not a divisible statute within the meaning of <u>Descamps</u>, and therefore urged us to confine our inquiry to the fact of conviction and the statutory definition of the offense.  He argued that his conviction can never qualify as a "crime of violence" because the elements of S.C. Code §16-11-312(A) sweep more broadly than the corresponding generic offense.

II.

---

[2]    <u>Descamps</u> involved a sentencing enhancement pursuant to the Armed Career Criminal Act ("ACCA"), rather than, as relevant here, the Sentencing Guidelines.  The Eleventh Circuit has routinely employed the same analytical framework in both contexts.  <u>See, e.g.</u>, <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1328 (11th Cir. 2010) (applying the analytical approach established in ACCA cases in determining whether a prior offense qualifies for an enhancement under the Guidelines).

The Guidelines impose a sixteen-level enhancement in cases where an alien "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. §2L1.2(b)(1)(A)(ii). The term "crime of violence" means "any of the following offenses under federal, state, or local law . . . [including the] burglary of a dwelling." Id. §2L1.2 cmt. n.1(B)(iii).

Not all burglaries qualify as a "crime of violence." In resolving whether a prior conviction triggers a Guidelines enhancement, we generally apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 600–02, 110 S. Ct. 2143, 2159–60 (1990). Under Taylor, a conviction for burglary is a predicate "crime of violence" only if the underlying state offense meets the generic definition of burglary—that is, has the "basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599, 110 S. Ct. at 2158; accord United States v. Rainer, 616 F.3d 1212, 1214–15 (11th Cir. 2010). If the statute of conviction "sweeps more broadly than the generic [burglary], a conviction under that law cannot [categorically] count as a ["crime of violence"], even if the defendant actually committed [burglary] in its generic form." Descamps, ___ U.S. at ___, 133 S. Ct. at 2283.

But in cases involving a "divisible" statute—i.e., one that sets out one or more elements of the offense in the alternative, in effect creating several different crimes—a modified categorical approach applies. See id. at ___, 133 S. Ct. at

5

2283–85; Donawa v. U.S. Attorney Gen., 735 F.3d 1275, 1280 (11th Cir. 2013). If at least one of the alternative elements matches the generic definition, we may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. We have also permitted the use of undisputed facts contained in a PSI. See United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006).[3] When properly applied, then, the modified categorical approach enables us to "identify, from among several alternatives, the crime of conviction so that [we] can compare it to the generic offense." Descamps, ___ U.S. at ___, 133 S. Ct. at 2285.

It is clear from Descamps and from our even more recent decision in Donawa that the modified categorical approach "serves a limited function" and should be used only in a "narrow range of cases." Id. at___, 133 S. Ct. at 2283; accord Donawa, 735 F.3d at 1280–81. If the statute of conviction defines burglary "not alternatively, but only more broadly than the generic offense," the modified categorical approach "has no role to play." Descamps, ___ U.S. at ___, 133 S. Ct. at 2283, 2285.

---

[3] We refer to this limited class of documents as "Shepard documents." Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). Shepard documents also include the plea agreement, the colloquy between the judge and the defendant at the plea hearing, and other comparable judicial record. Id. at 26, 125 S. Ct. at 1263.

III.

We first consider Ramirez-Flores' most recent argument that S.C. Code §16-11-312(A) is not a divisible statute within the meaning of Descamps. Because a conviction under S.C. Code §16-11-312(A) does not necessarily involve conduct equating to generic burglary, his new argument goes, a conviction under that statute can never qualify as a predicate "crime of violence" for purposes of the Guidelines, even if he actually committed a generic burglary.

At the outset, the government contends that we should review for plain error because Ramirez-Flores did not raise this argument in the district court or in his briefs to this court. We agree. We have consistently stated that a defendant seeking to preserve an objection to his sentence for appeal must "raise that point in such clear and simple language that the trial court may not misunderstand it." United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006). "The defendant . . . fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory." Id. (emphasis added); see also United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013) (reviewing for plain error a new legal argument supporting an objection that was raised in the district court); United States v. Doe, 661 F.3d 550, 567 (11th Cir. 2011) (same); United States v. Castro, 455 F.3d 1249, 1252–53 (11th Cir. 2006) (same). At sentencing, Ramirez-Flores objected to the

7

sixteen-level enhancement on the ground that his prior South Carolina conviction did not amount to a "crime of violence" because the corresponding judgment of conviction described the offense as "Burglary (Non-Violent)."  He also speculated that he may not have pled to the same crime as described in the charging instrument.  These objections are substantively different from the argument Ramirez-Flores now raises, namely that a conviction under S.C. Code § 16-11-312(A) can never qualify as a "crime of violence," even if he actually committed burglary in its generic sense.[4]  We therefore review his current argument for plain error.  See, e.g., Weeks, 711 F.3d at 1261; Doe, 661 F.3d at 567; Castro, 455 F.3d at 1252–53.

To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.  United States v. Pena, 684 F.3d 1137, 1151 (11th Cir. 2012).  An error is "plain" if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  Additionally, "the relevant time period for assessing whether an error is plain is at the time of appellate consideration."  United States v. McKinley, 732 F.3d 1291,

---

[4]    Indeed, Ramirez-Flores implicitly argued the exact opposite position in the district court and in his briefs to this court by insisting that the modified categorical approach should apply.  See Appellant's Br. at 18–21 (urging this court to apply the modified categorical approach to determine if "the defendant was actually found guilty of the elements of generic burglary"); Sentencing Tr. at 5–6 (referring the district court to the language of the judgment).

1295 (11th Cir. 2013) (internal quotation and citation omitted); accord Henderson v. United States, ___ U.S. ___, ___, 133 S. Ct. 1121, 1130 (2013).  In this case, even assuming arguendo that the district court erred in finding that Ramirez-Flores' prior conviction qualified as a "crime of violence," the error is not plain.

S.C. Code §16-11-312(A) provides that "[a] person is guilty of burglary in the second degree if the person enters a dwelling without consent and with the intent to commit a crime therein."  "Dwelling" encompasses its definition as found in S.C. Code §16-11-10, which in turn states:

> With respect to the crim[e] of burglary . . . , any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels.

Id. §16-11-10.

Neither the parties nor this court have been able to identify a case interpreting whether S.C. Code §16-11-312(A) is divisible for federal sentencing purposes.  We cannot conclude that it is plain or obvious that the South Carolina statute is indivisible, as Ramirez-Flores contends.  It could be argued that S.C. Code §16-11-312(A) – i.e., criminalizing the entry of a dwelling without consent and with intent to commit a crime – might be indivisible, if considered in isolation.  The argument would proceed as follows: if the term "dwelling" were undefined, then the statute

9

would create only a single crime – i.e., entry into a dwelling – and thus might be indivisible.[5]  However, it is certainly neither plain nor obvious that the South Carolina statute should be read in this manner; thus, it is neither plain nor obvious that the statute is indivisible.  For example, if the statutory definition of the term "dwelling" is simply inserted into S.C. Code §16-11-312(A), then the statute criminalizes entry without consent and with criminal intent into either a structure in which someone sleeps or a shed or other structure appurtenant thereto and within two hundred yards thereof.  In that case, the statute would more readily be deemed divisible.  It would "list[] multiple, alternative elements, and so effectively create[] several different . . . crimes."  Descamps, ___ U.S. at ___, 133 S. Ct. at 2285 (internal quotations omitted).  And one alternative—the entry into the structure in which someone sleeps—would correspond to generic burglary; the other would not.  With respect to such a divisible statute, the modified categorical approach applies, and courts may look to the Shepard documents to determine the particular alternative crime of which the defendant was convicted.

We need not in this case definitively decide that the South Carolina statute at issue is divisible.  We need decide only that it is not plain or obvious that the statute

---

[5]  If considered in isolation, S.C. Code §16-11-312(A) would only "swee[p] more broadly than the generic crime," Descamps, ___ U.S. at ___, 133 S. Ct. at 2283, if the term "dwelling" is read to encompass structures in addition to those constituting generic burglary.  Such a reading is neither plain nor inevitable.  But if such a reading were adopted, then S.C. Code §16-11-312(A) would mirror Descamps' example of an indivisible statute that criminalizes assault with an indeterminate "weapon."  See id. at ___, 133 S. Ct. at 2290.

is indivisible.  Thus, Ramirez-Flores' new argument based on <u>Descamps</u> cannot survive plain error review.

## IV.

Having rejected Ramirez-Flores' new argument based on <u>Descamps</u>, we turn to the argument set forth in his briefs on appeal—<u>i.e.</u>, his argument that his prior South Carolina conviction does not qualify as a "crime of violence" because the <u>Shepard</u> documents do not prove that he burglarized a generic dwelling.[6]  As noted above, Ramirez-Flores cannot maintain in this appeal that the South Carolina statute is indivisible.  Thus, he cannot maintain in this appeal that the modified categorical approach is inappropriate.  Accordingly, we assume <u>arguendo</u> that it is appropriate to consider the <u>Shepard</u> documents, as both parties urged in the district court and in their briefs on appeal.

The primary evidence before the district court indicating that Ramirez-Flores' prior conviction involved the burglary of a residence was the PSI.  As noted above, we have held that a sentencing court applying the modified categorical approach may consider undisputed facts contained in the PSI.  <u>Bennett</u>, 472 F.3d at 834.  Paragraph 28 of the PSI states that Ramirez-Flores "forcibly entered the victim's <u>residence</u> with a co-defendant and removed property from the <u>residence</u>."

---

[6]     Since Ramirez-Flores objected on this basis in the district court, we review his argument <u>de novo</u>.  <u>United States v. Harris</u>, 586 F.3d 1283, 1284 (11th Cir. 2009) ("We review <u>de novo</u> whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines.").

Ramirez-Flores claims that he objected at the sentencing hearing to the facts set forth in that paragraph and, therefore, we may not rely on its description of his conduct.  This argument is without merit.  While it is true that Ramirez-Flores made a general objection to the factual and legal statements in paragraph 28,[7] such vague assertions of inaccuracies are not sufficient to raise a factual dispute.  Id. at 832 (stating that "challenges to the facts contained in the PSI must be asserted with specificity and clarity . . . [or] the objection is waived" (internal citations omitted)).  Our review of the sentencing hearing persuades us that the only factual objection to the PSI made by Ramirez-Flores' attorney was that the prior crime was non-violent.  Nothing that the attorney said indicated any objection to the fact that Ramirez-Flores "entered the victim's residence with a co-defendant and removed property from the residence," as reported in the PSI.  It is apparent from the government's response that the only factual objection to which the government was alerted related to the asserted non-violence.[8]  Our careful review of the sentencing transcript persuades us that Ramirez-Flores did not fairly apprise the government or the

---

[7]    In answer to the district court's question as to whether his objection was to the application of the law or facts, Ramirez-Flores' attorney answered: "Slight application of both." Sentencing Tr. at 5.

[8]    Ramirez-Flores does not argue on appeal that an unlawful, but non-violent, entry into a residence with the intent to commit a crime would not qualify as a "crime of violence."

district court of any objection to the fact set forth in the PSI that he had entered the residence of the victim.[9]

We require objections to the PSI to be made with "specificity and clarity" in order to alert the government and the district court to the mistake of which the defendant complains. See United States v. Aleman, 832 F.2d 142, 145 (11th Cir. 1987) (observing that vague objections would "oblige the district court to guess whether a challenge is being mounted as well as what [the] defendant wishes to contest"). This requirement is not gratuitous; rather, it ensures that the government has an opportunity to address or correct the alleged error. See United States v. Gallo-Chamorro, 48 F.3d 502, 507–08 (11th Cir. 1995) (declining to consider the defendant's argument because "additional facts would have been developed in the trial court had the [specific objection] been presented there" (internal quotation and

---

[9] The attorney's speculation that Ramirez-Flores might have pled to a lesser-included offense did not fairly raise an objection that the offense may not have involved the victim's residence. The attorney's comment was mere speculation. And even that speculation suggested no objection to any fact other than the asserted non-violence. Moreover, to the extent this speculation challenges the fact that the prior conviction was for the burglary of a dwelling, the finding of the district court was properly based on, and amply supported by, the Shepard documents. The indictment provided:

> Burglary/Burglary 2nd Degree (Non-Violent) (After June 20, 1985) –
> That in Beaufort County, on or about 2007-10-11 the Defendant, Lazaro Flores,
> did enter the dwelling of Ana Moreira located at 61 Scott Hill Road, St. Helena
> without consent and with the intent to commit a crime therein in violation of
> Section 16-11-312(A) and 16-1-80 of the South Carolina Code of Laws (1976, as
> amended).

And the judgment of conviction showed that Ramirez-Flores pled to that indictment and was thus adjudged convicted of: "Burglary/Burglary (Non-Violent) (After June 20, 1985) – Second degree in violation of §16-11-0312 of the S.C. Code of Laws." Indeed, the judgment of conviction checked a box which expressly stated that Ramirez-Flores had pled to the charge "as indicted."

citation omitted)).  In this case, for example, the government could have obtained further documentation from the state court proceeding—e.g., the plea agreement or the transcript of the plea colloquy—had it known that it needed to clarify whether Ramirez-Flores burglarized a residence or a secondary structure.  Accordingly, "in cases such as this . . . judicial economy is served and prejudice is avoided by binding the parties to the facts presented and the theories argued below."  Id. (internal quotation and citation omitted).

We therefore conclude that Ramirez-Flores failed to object to the PSI's statement that the conduct underlying his South Carolina burglary conviction involved entry into the victim's residence.  Because the district court properly relied upon that fact as undisputed, Ramirez-Flores' argument that his prior conviction may not have involved generic burglary fails.

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

14

MARTIN, Circuit Judge, concurring:

I concur in both the reasoning and the result of the majority opinion. I write separately, however, to highlight the role of this Circuit's waiver precedent in arriving at this result. As the majority opinion points out, the Supreme Court recently clarified how courts should apply the categorical and modified categorical approaches in Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013). Descamps makes clear that, when we consider a statute like S.C. Code § 16-11-312 that criminalizes some conduct that would constitute a crime of violence and some conduct that would not, we must first consider whether or not the statute is divisible before we apply the modified categorical approach. See id. at 2285. As the majority points out, and evidenced by the parties' arguments in this appeal, there are persuasive arguments on both sides of that question for S.C. Code §16-11-312. But because Mr. Ramirez-Flores did not object to the District Court's application of the modified categorical approach during the sentence hearing, we review the District Court's answer to that question only for plain error.[1] As a result, we apply

---

[1] In referring to Mr. Ramirez-Flores's counsel's acquiescence to the modified categorical approach at the sentence hearing, it seems only fair to acknowledge that counsel did not have the benefit of the Supreme Court's teaching in the Descamps opinion at the time. The Descamps opinion was issued after Mr. Ramirez-Flores was sentenced. And the Descamps Court recognized the circuit split which existed about "whether the modified categorical approach applies to statutes . . . that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." 133 S. Ct. at 2283. So to the extent Mr. Ramirez-Flores's counsel thought the modified categorical approach was appropriate, he was not alone. Indeed there remain conflicting views even after Descamps.

15

the modified categorical analysis here even though we might not were we conducting de novo review.

Because we apply the modified categorical approach, we reach the issue of whether Mr. Ramirez-Flores's objection to the facts set forth in paragraph 28 of the presentence investigation report (PSR) precluded the District Court from relying on it. This Circuit's precedent regarding the adequacy of objections is unforgiving. At the sentence hearing, the District Court asked counsel whether there were "any objections as to the factual accuracy of the [PSR] or as to the application of the guidelines as contained in the presentence report." Mr. Ramirez-Flores's counsel said he had both. The Court inquired "Which paragraph is in question?," and counsel identified paragraph 28. There was then some general discussion about whether the prior burglary conviction, described in paragraph 28 of the PSR, was violent or nonviolent.

Under the precedent of this Court, this objection does not preserve the issue for appellate review. In order to have done so, counsel would have been required to explain with "specificity and clarity," United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam), that he objected to the description of the dwelling burglarized as a "residence." This he did not do, and as a result we consider that fact admitted. See id. at 833–34.

16

This is all to say that, had the proceedings unfolded differently below, Mr. Ramirez-Flores might see relief.  Indeed if he had had the benefit of <u>Descamps</u> at the time of his sentencing, that might also be true.  But given the reality of the record on appeal, we are bound by our precedent to deny him relief now.