[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15730
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00398-SCB-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER A. MAGUIRE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 11, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Maguire appeals his 120-month sentence, imposed as an upward variance, after his convictions for wire fraud, in violation of 18 U.S.C. § 1343, and illegal monetary transactions, in violation of 18 U.S.C. § 1957.  On appeal, Maguire first argues that the district court violated his due process rights by relying on unauthenticated hearsay—a letter purportedly from one of his victims who later committed suicide—in imposing his sentence.  Second, he argues that his sentence is procedurally and substantively unreasonable.  We address each issue in turn.

## I. Due Process Violation

We typically review *de novo* challenges to the constitutionality of a defendant's sentence.  *United States v. Ghertler*, 605 F.3d 1256, 1268 (11th Cir. 2010).  However, where a defendant fails to object before the district court, review is for plain error only.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  Plain error requires the defendant to show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

To preserve an issue for appeal, a defendant must raise an objection that sufficiently apprises the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought.  *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007).  The defendant fails to preserve an issue for appeal if he predicates an objection on a different legal theory than the one offered to the

2

district court.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

The district court is permitted to review a broad range of information in assessing an appropriate sentence.  *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").  However, a defendant has a due process right not to be sentenced based on false or unreliable information.  *Ghertler*, 605 F.3d at 1269.  To prevail on a sentencing challenge based on unreliable evidence, a defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that the evidence served as the basis of his sentence.  *Id.*  The defendant bears the burden of proving that the court explicitly relied on the challenged information.  *Id.*

In *United States v. Reme*, upon which Maguire relies, we determined that the district court erred by basing a defendant's sentence on two murders where there was no reliable evidence showing that the defendant had committed the murders. 738 F.2d 1156, 1166-69 (11th Cir. 1984).  We determined that the district court based its sentence on hearsay statements in an Immigration and Naturalization Services agent's testimony, but the hearsay statements contained in the testimony

3

lacked indicia of reliability and were largely contradicted by evidence in the trial record. *Id.* at 1167-68.

We review for plain error. Maguire did object to the court's reliance on the Rosati letter, asserting that nothing definitively linked his fraud to Rosati's suicide, and that the letter would be unfairly prejudicial. However, he did not assert, as he does on appeal, that the letter was unreliable because it was unauthenticated hearsay, such that allowing Petersheim to read the letter into evidence would violate his due process rights. Accordingly, plain error review applies because, even though Maguire did object to allowing Petersheim to read the letter, he did not raise the same legal arguments he now asserts on appeal. *Ramirez-Flores*, 743 F.3d at 821.

Maguire has not shown that the district court violated his due process rights by relying on unauthenticated hearsay in imposing his sentence. First, the letter is not hearsay because the government did not offer the letter to prove anything; rather, the district court merely allowed another victim to read the letter during his statement. Second, Maguire has not established that the district court relied on the letter, because neither of the parties argued at sentencing that the letter warranted an enhanced sentence and the district court did not refer to the letter in explaining its sentence. Even before the letter was read, the district court stated that it was considering varying upwardly from Maguire's guideline range. Moreover, the

4

district court provided several reasons it was imposing the sentence, including the need to promote deterrence, to protect the public, and to reflect the serious nature of the crime. The court largely focused on the lasting harm Maguire had caused his victims, noting that Maguire had robbed his victims of their financial security and, in many cases, the ability to retire. The court did not, however, reference Rosati or his suicide. In fact, after Petersheim read Rosati's letter, neither the parties nor the court referenced the letter or Rosati's suicide again. Thus, Maguire has not established that the district court erred, much less plainly erred, by allowing the letter to be read at sentencing.

## II. Reasonableness of Sentence

We review the reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Where no procedural error has occurred, we then review the substantive reasonableness of a case based on the totality of circumstances. *Id.* at 51. The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the

5

public from the defendant's future criminal acts.  18 U.S.C. § 3553(a).  In imposing a sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1),(3)-(7).

The weight given to any § 3553(a) factor is in the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). However, a court may abuse its discretion when it fails to consider relevant § 3553(a) factors, selects a sentence arbitrarily, or bases the sentence on impermissible factors.  *United Sates v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)(*en banc*).  Ultimately, we will not vacate a sentence unless left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *Id.*at 1190.

The district court did not impose an unreasonable sentence.  First, Maguire's sentence is not procedurally unreasonable because the district court did not erroneously rely on unauthenticated hearsay.  Second, Maguire's sentence is substantively reasonable because, as the district court explained, a lengthy sentence

6

was warranted based on the seriousness of the offense, which involved more than 150 victims and over $4 million in losses.  Accordingly, the district court did not abuse its discretion in imposing Maguire's sentence, and we affirm.

**AFFIRMED.**