[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13760
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00413-AT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONTAVIOUS M. BERRY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 3, 2020)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Dontavious Berry appeals his 86-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l).  Mr. Berry contends that the district court improperly increased his base offense level at sentencing when it considered two prior Georgia aggravated assault convictions, which he argues do not constitute crimes of violence under the Sentencing Guidelines.  After reviewing the record and the parties' briefs, we affirm Mr. Berry's sentence.

**I**

A federal grand jury returned an indictment charging Mr. Berry with a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Mr. Berry pled guilty to the charge.

The probation department calculated Mr. Berry's base offense level as 24 under U.S.S.G. § 2K2.1(a)(2) because he committed the offense after having at least two prior felony convictions for crimes of violence.  The probation department applied a two-level enhancement under 2K2.1(b)(4)(A) because the firearm was stolen and a three-level reduction under § 3E1.1(a)–(b) for acceptance of responsibility.

In calculating Mr. Berry's criminal history, the probation department determined that he had 11 criminal history points and added two more points because he committed the offense while on probation.  Mr. Berry therefore received a criminal history category of VI.

2

Relevant to this appeal, Mr. Berry's criminal history included a Georgia conviction for aggravated assault in 2012 and another Georgia conviction for aggravated assault in 2016. With respect to the 2012 conviction, the probation department's presentence investigation report stated that Mr. Berry "assaulted [the victim] by shooting at, toward and in the direction of [the victim] with a pistol." PSI ¶ 31. As to the 2016 conviction, the presentence investigation report stated that Mr. Berry "assaulted [the victim] by shooting at, toward, and in the direction of the victim, with a handgun." *Id*. ¶ 32.

Based on Mr. Berry's total offense level of 23 and a criminal history category of VI, the advisory guideline imprisonment range was 92 to 115 months. Mr. Berry did not object to the aggravated assault convictions or the offense level under § 2K2.l(a)(2) for having two prior felony convictions for crimes of violence. He argued instead that the district court should consider, as a mitigating factor, that he was not the actual perpetrator of the 2006 aggravated assault, but only a party to the crime.

At sentencing, Mr. Berry did not raise any additional objections to the presentence investigation report. The district court considered the § 3553(a) factors and sentenced Mr. Berry to 86 months' imprisonment, which was six months below the bottom of the advisory guideline range. The court also imposed two years of supervised release.

3

## II

Mr. Berry argues for the first time on appeal that the district court improperly set his base offense level under § 2K2.1(a)(2) based on his two prior Georgia aggravated assault convictions. He maintains those felonies do not constitute crimes of violence under the Sentencing Guidelines. We disagree.

When a defendant does not object to his sentence before the district court and raises the objection for the first time on appeal, we review for plain error. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). "To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id*. at 822.

Under the Sentencing Guidelines, unlawful possession of a firearm carries a base offense level of 24 if the defendant committed any part of the offense subsequent to at least two felony convictions for either a crime of violence or a controlled substance offense. *See* § 2K2.1(a)(2). As relevant here, § 2K2.1 cross-references § 4B1.2(a)'s definition of a crime of violence, *see id*. § 2K2.1, cmt (n.1), and § 4B1.2(a)(1)'s elements clause defines a crime of violence as an offense that has as an element the use, attempted use, or threatened use of physical force against

the person of another. *See* § 4B1.2(a)(1). And § 4B1.2(a)(2)'s enumerated-offenses clause contains a list of offenses that qualify as crimes of violence, including aggravated assault. *See* § 4B1.2(a)(2).

The Georgia 2012 and 2016 aggravated assault statutes under which Mr. Berry was convicted provide, in relevant part, that a person commits an aggravated assault when he commits a simple assault "(1) with the intent to murder, rape, or rob, or (2) with a deadly weapon or an 'object, device, or instrument' that is 'likely to or actually does result in serious bodily injury' when used offensively." *United States v. Morales-Alonso*, 878 F.3d 1311, 1316 (11th Cir. 2018). *See also* O.C.G.A. § 16-5-21(a)(1)-(2) (2012); O.C.G.A. § 16-5-21(b)(1)-(2) (2016).

In *Morales-Alonso*, a defendant convicted of illegal reentry had a prior conviction under the 2012 version of O.C.G.A. § 16-5-21, and specifically under the subsection pertaining to aggravated assault with a deadly weapon. *See Morales-Alonso*, 878 F.3d at 1312–13. After comparing the generic definition of aggravated assault under the Sentencing Guidelines, pursuant to § 2L1.2's enumerated-offenses clause, with Georgia's aggravated assault with a deadly weapon statute, O.C.G.A. § 16-5-21(a)(2), we concluded that both contained substantially the same elements. *See id*. at 1317. And we held that Georgia aggravated assault with a deadly weapon qualified as a crime of violence under the Sentencing Guidelines' enumerated-offenses clause. *See id*.

5

Here, Mr. Berry's argument is foreclosed by *Morales-Alonso*, as that case makes clear that a conviction under Georgia's 2012 aggravated assault statute, with a deadly weapon, qualifiess as a crime of violence under the enumerated-offenses clause of the Sentencing Guidelines. *See id.* Furthermore, the 2016 aggravated assault statute is identical in all relevant respects to the 2012 aggravated assault statute. *Compare* O.C.G.A. § 16-5-21(a)(2) (2012), *with* O.C.G.A. § 16-5-21(b)(2) (2016). There was not error, much less plain error.

Mr. Berry asserts that it was unclear which sections of Georgia's aggravated assault statute he was convicted under, and that we should reverse to allow the district court to make that determination before his Georgia aggravated assault convictions are used to enhance his sentence. This argument is without merit.

The district court adopted the presentence investigation report, which included a description of Mr. Berry's two Georgia aggravated assault convictions and the fact that both included the use of a deadly weapon. Mr. Berry did not object to the report, so those facts are deemed admitted. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (concluding that "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"). Because both aggravated assault convictions involved the use of a deadly weapon, this case is governed by *Morales-Alonso*. *See* 878 F.3d at 1320. The district court therefore did not err in setting Mr. Berry's base offense level under § 2K2.1(a)(2).

6

## III

For the foregoing reasons, we affirm Mr. Berry's sentence.

**AFFIRMED.**