[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13508

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAEVAUGHN WYCHE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00518-ELR-LTW-2

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Taevaughn Wyche appeals the district court's imposition of a special condition of supervised release that requires Wyche to allow his computer to be searched upon reasonable suspicion. He argues that the district court plainly erred because a computer did not feature in his offense of gun dealing, and he did not have a history of recidivism or violation of supervised release to otherwise justify the special condition.

We review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Taylor*, 997 F.3d 1352 (11th Cir. 2021). However, unpreserved challenges are reviewed for plain error. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). An error is plain under plain-error review "as long as the error was plain as of" the time of appellate review. *Henderson v. United States*, 568 U.S. 266, 269 (2013). Plain error requires the appellant to show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). An error affects a party's substantial rights if it had a substantial influence on the outcome of the case. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017) (quotation marks omitted).

A district court may order special conditions that: (1) are reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for adequate deterrence, to protect the public, and to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. §§ 3583(d)(1)-(3), 3553(a)(1), (a)(2)(B)-(D); *see also* U.S.S.G. § 5D1.3(b). "[A] condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *Carpenter*, 803 F.3d at 1238 (quotation marks omitted). A special condition of supervised release also does not "need to relate to the particular offense of conviction." *Taylor*, 997 F.3d at 1353.

The Sentencing Guidelines state that a special condition of supervised release requiring the defendant to submit to a search at any time of his person, property, or electronic devices, upon reasonable suspicion of a violation of his supervised release, is recommended in sex-offender cases and "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d)(7). "[E]lectronic search conditions are typically reserved for sex offenders," but they "may also be imposed on those who are not normal non-sex offenders, such as those who frequently recidivate, or habitually violate their conditions of supervised release, in a manner that poses a danger to others." *Taylor*, 997 F.3d at 1353. In *Taylor*, we held that the district court did not abuse its discretion in imposing an electronic

search condition, even though it did not directly relate to the defendant's firearm offense, because the defendant was a "chronic lawbreaker" who had a long history of recidivism, and it was reasonable for the district court to conclude that he might attempt to purchase drugs and guns over the internet. *Id.* at 1353-54. We noted that "[a] mere search of a physical space . . . would be far less likely to reveal such violations." *Id.* at 1354. We also noted that the goals of reducing recidivism and promoting rehabilitation could warrant "privacy intrusions that would not otherwise be allowed under the Fourth Amendment." *Id.* at 1353. Moreover, we have found that a cellphone qualifies as a computer in other sentencing contexts. *United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014), *abrogated on other grounds by Lockhart v. United States*, 577 U.S. 347 (2016).

Although Wyche is correct that he was not convicted of a sex offense and he did not have a history of recidivism or violating his release, *Taylor* lists those two instances as examples, not the exclusive list, of when the special condition would be appropriate. It is clear that Wyche accessed the internet and used a smartphone as part of his offense, and based on caselaw in other contexts, it is not plain that his smartphone should not be considered a computer. There is also no other caselaw on point as to whether the special condition properly applies in this situation. As such, we conclude that the district court did not plainly err, and we affirm.

AFFIRMED.