[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14281

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRUCE ANTHONY ROLLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00568-ACA-HNJ-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Bruce Rolley appeals from his 13-month term of imprisonment and 24-month term of supervised release, imposed following the revocation of his term of supervised release from his original conviction of possession of a firearm by a convicted felon. The parties have jointly moved for summary reversal, agreeing that the district court exceeded the maximum allowable total months of imprisonment plus supervised release.

Under § 3583(h), upon revocation of supervised release, the district court may impose a term of supervised release following a term of imprisonment. 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* When a district court imposes a sentence upon revocation of supervised release that exceeds the maximum allowable term of supervised release, we will vacate the sentence and remand for resentencing. *United States Mazarky*, 499 F.3d 1246, 1252 (11th Cir. 2007).

We grant the parties' joint motion for summary reversal. Rolley's maximum term of supervised release for his original conviction was 36 months. 18 U.S.C. § 924(a)(2) (2018); 18 U.S.C.

22-14281                Opinion of the Court                3

§§ 3559(a)(3), 3583(b)(2). Thus, under § 3583(h), the district court was not authorized to impose a total sentence in excess of 36 months. However, the district court imposed a 13-month term of imprisonment, followed by 24 months of supervised release, a total of 37 months—1 month greater than the statutory maximum. Accordingly, the district court plainly erred by over-sentencing Rolley. *United States v. Moore*, 22 F.4th 1258, 1265 (11th Cir. 2022) (holding a term of supervised release that exceeds the statutory maximum amount is plain error); *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (reviewing for plain error when a litigant does not raise an argument before the district court in a criminal proceeding).

Because the parties' position is clearly correct as a matter of law, we GRANT the joint motion for summary reversal. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969)[1] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . .").

**REVERSED AND REMANDED.**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.