[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11069

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRED J. PICKETT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cr-80230-RLR-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Fred Pickett, Jr., appeals his sentence of 97 months of imprisonment for 22 counts of aiding and assisting in the preparation of false tax returns. 26 U.S.C. § 7206(2). Pickett challenges the enhancement of his sentence by four levels for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2021). We affirm.

Pickett argues that the district court erred by applying the aggravating-role enhancement because there were no other "participants" in his crimes. He raises this argument for the first time on appeal, so our review is for plain error. *See United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). Under that standard, Pickett must prove an error that is plain and that affects his substantial rights. *See id.*

The district court did not err by finding that Pickett's fraudulent tax scheme involved at least one other "participant." *See* U.S.S.G. § 3B1.1 cmt. n.1. Pickett owned a tax preparation business with multiple locations. He employed at least ten individuals, including Brandhi Shaw, the mother of one of his children. Shaw worked as a tax preparer for Pickett from about 2012 through 2017. Jalisa Steele, Pickett's step-daughter, testified that Pickett prepared about half of the tax returns, and Shaw and another tax preparer,

Leslie Bouie, prepared the other half. Pickett directed his employees, including Shaw, to use only his preparer-identification number, so it was impossible to identify which tax returns he prepared. Over half of the returns filed with Pickett's identification number in 2015 and 2016 listed Schedule C business losses, and between 99 and 100 percent sought tax refunds. Agent Betsy Charlton for the Internal Revenue Service testified that, based on her investigation of Pickett, the Service expanded its investigation to include Shaw. Agent Charlton testified at sentencing that she interviewed several of Pickett's customers who had false tax returns. Some customers reported that Pickett's employees prepared their tax returns, and at least one customer identified Shaw as the preparer.

After Agent Charlton began her investigation and Pickett was alerted to false items on several Schedule C forms, Pickett did not fire Shaw or Bouie. Shaw instead began working at a new tax preparation business, Premier Financial. Pickett introduced, over the government's objection, a copy of the government's civil complaint to enjoin Shaw from preparing false tax returns based on her allegedly fraudulent activity at Premier. Those allegations against Shaw were nearly identical to the charges against Pickett, which included reporting false Schedule C business losses and falsely claiming earned income, fuel, and education tax credits. The record supports the finding by the district court that Shaw had been a knowing participant in Pickett's criminal scheme. *See United States v. Walker*, 490 F.3d 1282, 1301 (11th Cir. 2007) ("[E]mployees are participants for purposes of the supervisory-role enhancement when they knowingly further the fraudulent scheme."). Because

there was at least one "participant," and Pickett does not dispute that he was an "organizer or leader" or that his criminal activity was "otherwise extensive," the district court did not plainly err by applying this enhancement. *See id.* ("[F]or a criminal activity to qualify as 'otherwise extensive,' there must [] be at least one other participant."); U.S.S.G. § 3B1.1 cmt. n.2.

Pickett argues that the government should be estopped from arguing on appeal that Shaw was criminally responsible for Pickett's scheme because it argued at sentencing that Shaw's misconduct had not been "proven" yet. We disagree. The government's position on appeal is not inconsistent with its position in the district court. *See United States v. Campa*, 459 F.3d 1121, 1152 (11th Cir. 2006) (en banc). Pickett argued at sentencing that, despite his and Shaw's conduct being "equally culpable" and "identical," Shaw had not been criminally charged. The government responded to this argument by explaining that any wrongdoing on Shaw's part was attributable to "the training she was able to receive" from Pickett. And the government made clear at trial that "Shaw's day in court may yet well come," so it did not absolve her of any crimes.

We **AFFIRM** Pickett's judgment of conviction and sentence.