[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11303

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JHEMAR M. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00004-AW-MAF-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Jhemar Morisse Williams appeals his 360-month sentence for conspiracy to distribute 100 kilograms or more of marijuana and conspiracy to commit money laundering. For the first time on appeal, Williams cites *Said v. U.S. Att'y Gen.*, 28 F.4th 1328, 1330 (11th Cir. 2022), to argue that the district court erred by applying the career criminal offender enhancement of Section 4B1.1 of the 2021 Sentencing Guidelines because William's prior Florida convictions for possession of marijuana do not satisfy the definition of controlled substance offenses included in Section 4B1.2(b) of the Sentencing Guidelines. The government disagrees with the argument Williams raises on appeal, but concedes that under *United States v. Dupree*, 57 F.4th 1269, 1273 (11th Cir. 2023) (*en banc*), the district court erred by finding Williams's instant offense of conspiracy to distribute marijuana was a controlled substance offense. However, because Williams never made this argument in district court or on appeal, the government says that we should review for plain error, and that the district court did not plainly err in his imposing Williams's sentence.

After thorough review, we affirm.

I.

If a defendant in a federal criminal case fails to object to an error in district court, we typically review the error on appeal for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). As for an issue that is not raised in the defendant's initial brief, that

claim is considered forfeited. *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (*en banc*). However, there are extraordinary instances in which we can exercise our discretion to raise a forfeited issue *sua sponte*. *Id*. at 873. A forfeited issue that is resurrected will also be reviewed for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 820–21 (11th Cir. 2014) (reviewing for plain error an issue the defendant raised for the first time at oral argument and "did not raise . . . in the district court or in his briefs to this court").

To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies all three conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.; *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "That means that the defendant has the burden of establishing each of the four requirements for plain-error relief" -- a task that "is difficult." *Greer v. United States*, 593 U.S. 503, 508 (2021).

To satisfy the third prong of plain error review, the appellant must show that they were prejudiced by the error. *United States v. Olano*, 507 U.S. 725, 734 (1993). In other words, the appellant must demonstrate that the outcome of the proceedings would have been different but for the error. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006). We've emphasized that "[t]his burden of showing prejudice to meet the third-prong requirement is anything but easy," because, as the Supreme Court has explained, "the

prejudice standard should . . . encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error." *Rodriguez*, 398 F.3d at 1299.

The Supreme Court has held that "[w]hen a defendant is sentenced under an incorrect Guidelines range -- whether or not the defendant's ultimate sentence falls within the correct range -- the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error," and thus satisfy the third prong of plain error review. *Molina-Martinez v. United States*, 578 U.S. 189, 195–98 (2016). However, an improper Guidelines range may not affect a defendant's substantial rights if the record shows that the district court based its sentencing decision on "factors independent of the Guidelines" -- that is, for example, where "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id*. at 200.

## II.

We are unpersuaded by the sentencing argument Williams raises on appeal, and agree with the government that the district court did not otherwise plainly error in imposing Williams's sentence. Section 4B1.1 of the Sentencing Guidelines provides an offense level enhancement and sets the criminal history at Category VI for defendants who are considered career offenders. U.S.S.G. § 4B1.1(a) (2021). A defendant will be classified as a career offender if:

> (1) the defendant was at least eighteen
> years old at the time the defendant

> committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2021). A "controlled substance offense" is defined as: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of [such substances] with intent to manufacture, import, export, distribute, or dispense." *Id*. at § 4B1.2(b).

In *Said*, we held that a Florida conviction for possession of marijuana did not relate to a controlled substance under federal law because Florida's statute regulates the entire marijuana plant while federal law expressly excludes certain parts of the plant. 28 F.4th at 1333–34. But *Said* involved the federal immigration scheme, not the Sentencing Guidelines.

Importantly, in *United States v. Dubois*, 94 F.4th 1284, 1296 (11th Cir. 2024), we expressly held that § 4B1.2(b) of the Sentencing Guidelines does not require that a controlled substance regulated under state law categorically match with a controlled substance regulated under federal law. However, in *Dupree*, we held that the

term "controlled substance offense" featured in § 4B1.2(b) of the 2021 Guidelines did not include the inchoate offenses of conspiracy and attempt. 57 F.4th at 1273. Applying this holding to Dupree's case, we concluded that Dupree's conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 was not a controlled substance offense. *Id.* at 1280. Accordingly, Dupree's sentence was remanded for resentencing without application of the career offender enhancement. *Id.*

Here, Williams incorrectly relies on *Said* because *Said* involved a statutory immigration scheme that incorporates 21 U.S.C. § 802. In contrast, § 4B1.2(b) of the Sentencing Guidelines is what is at issue here, and § 4B1.2(b) does not reference 21 U.S.C. § 802. Moreover, we've squarely held that § 4B1.2(b) does not require that a controlled substance offense under state law categorically match with a federally regulated controlled substance. *Dubois*, 94 F.4th at 1296. Thus, *Dubois* controls and Williams's reliance on *Said* is without merit.

Nevertheless, as the government has pointed out, our decision in *Dupree* makes clear that crimes of conspiracy were *not* considered controlled substance offenses under § 4B1.2(b) of the 2021 Guidelines. 57 F.4th at 1280. This means that Williams's instant offense of conspiracy to distribute marijuana was not a controlled substance offense, and he did not qualify as a career offender. *Id.* As a result, the district court erred in applying the career offender Guideline. *Id.*

22-11303              Opinion of the Court              7

However, the record reflects that Williams has forfeited the right to challenge this issue on appeal.  For starters, he did not object to the enhancement or the Guidelines in the district court. *Puckett*, 556 U.S. at 134.  Then, on appeal, he never raised the issue, even though *Dupree* was decided on January 18, 2023, *before* he filed his initial brief of February 20, 2024, and could have included the issue.  By failing to do so, he forfeited the right to make a *Dupree* argument on appeal.  *Campbell*, 26 F.4th at 871.

But even if we were to use our discretion to resurrect the *Dupree* issue *sua sponte*, we would review the issue for plain error, and can find none.  *Ramirez-Flores*, 743 F.3d at 821–22; *see also United States v. Rodriguez*, 398 F.3d 1291, 1297–98 (11th Cir. 2005) (reviewing for plain error a sentencing argument based on a Supreme Court decision that was issued after the defendant's sentencing but prior to his appeal).  Notably, Williams has not satisfied the third prong of the plain error test because he has not established that the error affected his substantial rights.  *See Molina-Martinez*, 578 U.S. at 200.  Rather, the record makes clear that the district court based its sentencing decision on "factors independent of the Guidelines" range.  *See Molina-Martinez*, 578 U.S. at 200.

Indeed, in explaining the 360-month sentence it was imposing on Williams, the district court noted that its decision was driven by the nature of the drug trafficking offense, which the court considered "very serious" because of its length of time, number of participants, and "complexity," in that it included money laundering, "fake IDs" and "various fraudulent transactions," described by the

court to be an "aggravating factor." The court also cited Williams's "serious" criminal history -- including his arrest for obstructing justice and battery against his girlfriend, and his prior conviction for "attempted sex battery," a "forceable sex offense" the court found to be "extremely serious" and "really horrific." The court said that it needed to deter Williams from committing similar criminal acts, especially where his "prison sentences in the past have not stopped it from happening," and that it was "appropriate" to impose a sentence that would also deter others, who might want "to take up this line of work." The court added that it needed to "protect the public" because it was "concerned that if he weren't incarcerated he would go back to that and inflict harm on the community that comes with" Williams's offense.

Most importantly, in imposing its sentence, the court *twice* noted that the sentence of 360 months would have been a within-Guidelines sentence even "without the career offender designation" -- that is to say, without it, the Guidelines range would have been 324-to-405 months, and so the 360-month sentence it imposed would have fallen within that range. Further, when addressing drug quantity, the court expressly noted that it would have imposed the same sentence of 360 months even if it found that Williams did not meet the 1000-kilogram threshold found in U.S.S.G. § 2D1.1(a)(5) -- which would have resulted in a Guidelines range of 324 to 405 months, *see* U.S.S.G. Ch. 5 Pt. A (Sentencing Table), and, again, is the same Guidelines range that would have been applied in the absence of the career offender designation. All of these comments make it abundantly clear that the district court thought that,

based on the many factors it discussed on the record, a 360-month sentence was the "appropriate" one "irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200.

Furthermore, as we see it, Williams also has failed to satisfy the fourth requirement of plain error review because he cannot show that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Rosales-Mireles*, 585 U.S. at 135. This is a case specific and fact-intensive inquiry, and in this case, there are "countervailing factors [that] satisfy [us] that the fairness, integrity, and public reputation of the proceedings" would be "preserved absent correction." *Id.* at 142. Among other things, it's worth noting that the Commission has since amended the text of § 4B1.2 to specify that the term "'controlled substance offense' include[s] the offense[] of . . . conspir[acy]." *See* U.S.S.G. § 4B1.2(d) (2023); U.S.S.G. Supp. App'x C at 246–48 (2023) (Amendment 822). We recognize that this amendment cannot be retroactively applied to Williams. Regardless, it bolsters our conclusion that, based on this record, sentencing him as a career offender has not seriously affected "the fairness, integrity, and public reputation of the proceedings." *Rosales-Mireles*, 585 U.S. at 135, 142.

Accordingly, the district court did not commit plain error in imposing the 360-month sentence, and we affirm.

**AFFIRMED.**