**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 24-11278

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSEPH ROBERT STEWART,

*Defendant-Appellant.*

---

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 9:23-cr-80162-AMC-2

---

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Robert Stewart appeals his sentence of 285 months' imprisonment for conspiracy to advertise child pornography and conspiracy to distribute child pornography, which included a

Section 3B1.1(b) enhancement.  Stewart argues that his activities on a child-pornography website did not qualify for the three-level enhancement for being a manager or supervisor of participants in criminal activity because the evidence in the record demonstrates only that he managed the website and not any participants.  After careful review, we conclude that the district court did not err in applying the three-level enhancement, and we affirm the judgment of the district court.

The facts are known to the parties, and we repeat them here only as necessary to resolve the case.

Ordinarily, we review the district court's imposition of an aggravating-role enhancement for clear error.  *United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018).  However, we review for plain error a sentencing challenge raised for the first time on appeal.  *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).  "The defendant . . . fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a *different legal theory*."  *Id.*  (quoting *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006)).  Here, Stewart presented his objection to the district court under a different legal theory than he raises on appeal.  Below, he objected to the enhancement on the basis that it had already been assessed to his co-defendant who engaged in more aggravated conduct, but on appeal he challenges the enhancement by arguing that he did not manage any participants

and that the government did not present sufficient evidence. Thus, we review Stewart's sentencing challenge for plain error.

In order to prevail under plain error review, the defendant must establish that (1) the district court erred, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *Id.* at 822. "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *Id.*

Under Section 3B1.1(b) of the Guidelines, a three-level aggravating-role enhancement applies if (1) "the defendant was a manager or supervisor (but not an organizer or leader)" and (2) "the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). To qualify for the three-level enhancement, the defendant is required only to manage or supervise one other participant in the criminal offense. *United States v. Sosa*, 777 F.3d 1279, 1301 (11th Cir. 2015) (citing U.S.S.G. § 3B1.1, cmt. n.2). The enhancement "cannot be based solely on a finding that a defendant managed the assets of a conspiracy, without the defendant also managing or exercising control over another participant." *Id.* (citation modified).

Generally, the district court's findings of fact for sentencing determinations should be explicit. *United States v. Gutierrez*, 931 F.2d 1482, 1492 (11th Cir. 1991). However, in "making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings,"

so long as the district court's conclusion is supported by the record and the court has resolved any disputed factual issue. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc) (involving a minor-role reduction under § 3B1.2). Therefore, "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id.* at 940.

The Guidelines commentary provides that in determining whether a defendant qualifies for a three-level enhancement under Section 3B1.1(b), a sentencing court should consider several factors, including:

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4. "There is no requirement that all the considerations have to be present in any one case." *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005). Instead, "these factors are merely considerations for the sentencing judge, who makes the factual determinations for the applicability of the § 3B1.1 enhancement on a case-by-case basis." *Id.*

Here, the district court did not err in finding that Stewart's role qualified him for the Section 3B1.1(b) enhancement. The district court's decision was supported by the presentence

investigation report and Stewart's factual proffer, which was read into the record. The record demonstrates that Stewart was one of the 10 to 12 highest ranking staff for a child-pornography website, which had thousands of registered members. In his leadership role, Stewart was responsible for monitoring the thousands of users to ensure that they were posting child pornography content in compliance with the website's rules. Among other things, Stewart muted users and advised them how to earn promotions and avoid detection by law enforcement. Stewart also managed access to an exclusive chatroom to which users could only gain access if they shared enough child-pornography content. Stewart scouted the website for users he believed were worthy of gaining access to the exclusive chatroom. Stewart's authority to invite users into the exclusive chat room and to moderate users for failing to comply with the website's rules gave him control over more than one participant in the conspiracy to advertise and distribute child pornography. Thus, the district court did not err, plainly or otherwise, in finding that the Section 3B1.1(b) enhancement applied to Stewart.

**AFFIRMED.**