[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13500
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60240-RKA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY ONEL ALVAREZ FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2020)

Before WILLIAM PRYOR, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

After pleading guilty, Henry Alvarez Flores was convicted of three counts of

production of child pornography and three counts of enticement of a minor, and was

sentenced to a total of 480 months in prison.  He now appeals his sentence, arguing that the district court erred in calculating his guideline range.  Because we conclude that any errors were harmless, we affirm Flores's sentence.

## I.

In May 2019, Flores pled guilty to six offenses relating to three minor victims. Specifically, he pled guilty to three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1–3), and three counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Counts 4–6).

Flores's presentence investigation report ("PSR") calculated the recommended guideline range using the multiple-count adjustment rules of the Sentencing Guidelines.  *See* U.S.S.G. ch. 3 pt. D.  The PSR first grouped the six counts by victim, creating three groups of two counts: Group 1 (Counts 1 & 4); Group 2 (Counts 2 & 5); and Group 3 (Counts 3 & 6).  Each of the three groups started with a base offense level of 32 under U.S.S.G. § 2G2.1(a).  The PSR then recommended several enhancements and calculated an adjusted offense level for each group.

According to the PSR, Group 1's adjusted offense level was 42 because the offenses involved (a) a minor who was 12 but not yet 16, § 2G2.1(b)(1)(B) (two-level increase); (b) the commission of a sexual act or sexual contact, § 2G2.1(b)(2)(A) (two-level increase); (c) material that portrayed sadistic or

2

masochistic    conduct,    § 2G2.1(b)(4)    (four-level    increase);    and    (d)    the misrepresentation of identity or the use of a computer to entice the minor to engage in sexual activity, § 2G2.1(b)(6)(B) (two-level increase). Group 2's adjusted offense level was 40 because the conduct was the same as in Group 1 except that the offenses did not involve sadistic or masochistic conduct but did involve a vulnerable victim, § 3A1.1(b)(1) (two-level increase). Finally, Group 3's adjusted offense level was 44 because the offenses involved the same conduct as Group 1 as well as a vulnerable victim.

Based on these calculations, the PSR determined that, under the table at § 3D1.4, three additional levels should be added to the highest adjusted offense level, for a combined adjusted offense level of 47. *See* U.S.S.G. § 3D1.4. The PSR then recommended a five-level enhancement for engaging in a pattern of activity involving prohibited sexual conduct and a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 4B1.5(b)(1); U.S.S.G. § 3E1.1. Altogether, this resulted in a total offense level of 49, which was then reduced to the maximum offense level of 43. *See* U.S.S.G. ch. 5, pt. A, Sentencing Table, cmt. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43). Flores had no criminal-history points, so his criminal-history category was I. The recommended guideline sentence was life imprisonment.

Flores did not file any objections to the PSR, and the district court adopted the PSR and its recommended guideline range at sentencing. After hearing from the parties as to their views on an appropriate sentence, the court sentenced Flores to a total term of 480 months in prison, consisting of 360 months for Counts 1–3 and 480 months for Counts 4–6, all to be served concurrently. Flores did not object to the sentence or the manner in which it was imposed. Before concluding the hearing, the district court stated "for the record" that if "there is some change to the applicable guidelines, or . . . some conclusion that the application of the guidelines to this case was incorrect, . . . I would still find that a sentence of at least 480 months is the only reasonable sentence for this particular defendant."

## II.

Flores presents two challenges to his sentence, which he raises for the first time on appeal. First, he argues that the district court engaged in impermissible double counting when it applied the U.S.S.G § 2G2.1(b)(2)(A) enhancement for committing a sexual act or sexual contact because the base offense level already contemplated such conduct. Second, he contends that the § 2G2.1(b)(4) enhancement for sadistic or masochistic conduct or depictions did not apply because he never committed a physical act against his victims.

When a defendant raises a sentencing objection for the first time on appeal, we review for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th

4

Cir. 2014).  To obtain relief under this standard, the defendant must show that the district court committed an error that was "plain," or obvious, and that the error affected his substantial rights, meaning there is a reasonable probability of a different result if the error had not occurred.  *United States v. Rodriguez*, 398 F.3d 1291, 1298–99 (11th Cir. 2005).

Here, Flores is not entitled to relief.  Even assuming without deciding that the district court erred in applying the two guideline enhancements, Flores cannot establish that his substantial rights were affected because the errors were clearly harmless.

First, removing the two challenged enhancements would have no effect on Flores's offense level.  The district court calculated a total combined offense level of 49, which it correctly treated as the maximum offense level of 43.  *See* U.S.S.G. ch. 5, pt. A, Sentencing Table, cmt. n.2.  Without the four-level § 2G2.1(b)(4) enhancement and the two-level § 2G2.1(b)(2)(A) enhancement, Flores's total combined offense level would have been 43.[1]  Because Flores's total offense level, and the resulting guideline range of life imprisonment, would have remained the same even without the challenged enhancements, any error was harmless.  *See*

---

[1] Without the two enhancements, the adjusted offense levels for Groups 1, 2, and 3 would have been 36, 38, and 38, respectively.  Using the highest of those offense levels, three additional levels would have been added under § 3D1.4's table, for a combined offense level of 41.  *See* U.S.S.G. § 3D1.4.  After incorporating the five-level pattern enhancement and the three-level reduction for acceptance of responsibility, Flores's total offense level would have been 43.

*United States v. Sarras*, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) ("[A]ny alleged error in applying the two-level enhancement was harmless because Sarras's total offense level would have remained the same.").

Second, we know that there is not a reasonable probability of a different result because the district court plainly said so.  In particular, the district court expressly stated that it would have imposed the same sentence of 480 months of imprisonment in the event that "there is some change to the applicable guidelines, or that there is some conclusion that the application of the guidelines to this case was incorrect."

Under our precedent, a guideline "calculation error is harmless when a district judge clearly states that she would impose the same sentence regardless of the enhancement," so long as the "sentence imposed is reasonable."  *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015); *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).  Because the district court clearly stated that it would have imposed the same sentence regardless of its resolution of specific guideline issues, the only question is whether Flores's sentence was reasonable in light of the guideline range that should have applied.

Flores's sentence is reasonable.  The district court offered a thorough and compelling explanation for imposing a total sentence of 480 months in prison.  That sentence was amply supported by the record and the 18 U.S.C. § 3553(a) factors, including the seriousness of the offenses, which involved Flores manipulating three

6

minors to perform sex acts on themselves for his sexual gratification and threatening to have two of the victims deported, as well as the need to protect the public. Flores has made no showing that a sentence of 480 months was beyond the bounds of reasonableness for his conduct. *See, e.g.*, *Sarras*, 575 F.3d at 1220–21 ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."). We affirm.

   **AFFIRMED.**