[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10018
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00203-WWB-EJK-1

UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

versus

ALEJANDRO ROSALES-GONZALEZ,
a.k.a. Alejandro Gonzales Rosales
a.k.a. Alejandro Rosales,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2021)

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Alejandro Rosales-Gonzalez appeals the district court's imposition of an above-guideline 36-month imprisonment sentence and its imposition of a $4,000 fine, based on Rosales-Gonzalez's violation of 8 U.S.C. § 1326(a) and (b)(1), illegal entry to the United States after deportation without having received consent to re-apply for re-admission. Rosales-Gonzalez argues that the district court erred in imposing a fine because he is unable to pay and the fine violates the Eighth Amendment Excessive Fines Clause. Rosales-Gonzalez also argues that the district court substantively erred in imposing an above-guideline sentence because it relied too heavily on his criminal history, which had been taken into account to calculate his criminal history score. After reviewing the record and reading the parties' briefs, we dismiss the appeal in part and affirm the sentence.

## I.

Rosales-Gonzalez was charged with violating 18 U.S.C. § 1326(a) and (b)(1) (illegal entry after deportation without consent to re-apply for re-admission). He pled guilty pursuant to a written plea agreement that imposed no limitation as to the fine amount that the court could impose. The plea agreement included an appeal waiver, in which Rosales-Gonzalez expressly waived the right to appeal his sentence on any ground except if the sentence exceeded the applicable guideline

2

range as determined by the district court or the statutory maximum penalty, if it violated the Eighth Amendment, or if the government appealed the sentence.

At his change-of-plea hearing, Rosales-Gonzalez acknowledged that he signed the plea agreement, he read or had someone read the agreement to him in Spanish, his attorney reviewed the agreement and answered his questions about it, and he understood the agreement. (R. Doc. 46.) The court explained that as part of the plea agreement, Rosales-Gonzalez was acknowledging that the court could sentence him to the statutory maximum and that he waived his right to appeal his sentence except on several narrow grounds. Rosales-Gonzalez acknowledged that he understood the appeal rights he waived under the plea agreement and pled guilty.

A probation officer submitted a presentence investigation report ("PSI") which summarized Rosales-Gonzalez's offense conduct: in 2001, he was granted voluntary departure on two separate occasions after being apprehended by United States Customs and Border Patrol ("CBP"); in 2004, CBP again apprehended him and he was granted voluntary departure; and from November 2008 to September 2014, CBP encountered him five additional times and he was deported each time. The PSI contained the following as to his criminal history: in 2011, Rosales-Gonzalez was twice convicted of illegal entry, imprisoned for 30 days and 75 days respectively, and deported each time after serving his imprisonment terms; less

than two years later, he was convicted of DUI and illegal re-entry, imprisoned for seven months, and deported; and in 2019, he was arrested for aggravated battery with a deadly weapon and resisting an officer with violence (current offense). As to the current offense, Rosales-Gonzalez pressed a knife to the victim's stomach and did not respond to the officers' verbal commands to release the victim. The officers used a taser to handcuff and arrest him. In addition, during the years he was in the country illegally, Rosales-Gonzalez had several additional arrests for DUI, driving without a license, vehicular hit and run, assault, and resisting arrest.

The probation officer determined that the maximum term of imprisonment was ten years. Based on a total offense level of 10 and a criminal history category of IV, the probation officer calculated the guideline range to be 15-21 months, and the guideline fine range to be $4,000 to $40,000. The probation officer included the annual cost of imprisonment, which was $37,448. Rosales-Gonzalez objected to the narrative in the PSI regarding the conduct leading to his arrest for aggravated battery with a deadly weapon and resisting an officer with violence. He also submitted a mitigation package, including letters from family members.

At the sentencing hearing, Rosales-Gonzalez agreed that there were no unresolved objections to the facts in the PSI. The district court adopted the PSI. After acknowledging that it had reviewed the PSI and the § 3553(a) factors, the district court emphasized the need to deter Rosales-Gonzalez and protect the

public. Although the district court acknowledged that Rosales-Gonzalez pled guilty and accepted responsibility, it noted that the current offense made the eighth time he had been found unlawfully in the United States.

After reciting Rosales-Gonzalez's history of illegal entries and criminal convictions, noting that the previous sentences he received had not deterred his conduct, and noting that Rosales-Gonzalez had committed further crimes while he was in the country illegally, the district court stated its belief that the guidelines did not adequately account for Rosales-Gonzalez's criminal history and the nature of his past offenses. Thus, based on this finding, the district court varied upward by 15 months and sentenced Rosales-Gonzalez to 36 months' imprisonment and imposed a $4,000 fine. The district court stated that it considered the sentencing factors under 18 U.S.C. § 3553(a)(1)-(7) and found the sentence sufficient but not greater than necessary to comply with the purposes of sentencing. Rosales-Gonzalez objected to the fine because he had been declared indigent and objected to the sentence as procedurally and substantively unreasonable.

## II.

This court reviews *de novo* the validity of an appeal waiver. *United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020). A court will enforce an appeal waiver if it was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). To establish that the waiver was made

knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Boyd*, 975 F.3d at 1190. The touchstone of this inquiry is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances. *Id.* at 1192. In *Boyd*, we enforced an appeal waiver where the waiver provision was referenced during the Rule 11 plea colloquy and the defendant agreed that he understood the provision, confirmed that he had read and discussed the agreement with his counsel, and confirmed that he understood its terms. *Id.*

We conclude from the record that Rosales-Gonzalez's claim that the district court erred in imposing a $4,000 fine is barred by the sentence appeal waiver because the waiver was made knowingly and voluntarily. During the plea colloquy, the magistrate judge specifically advised Rosales-Gonzalez that he waived the right to directly appeal his sentence on any ground as part of his plea agreement, except in a few limited circumstances, none of which apply to this challenge. Rosales-Gonzalez specifically indicated that he understood the terms of the waiver, and he affirmed that he had read the plea agreement, discussed it with counsel, and understood it. Thus, the waiver was made knowingly and voluntarily, and it is valid and enforceable. Accordingly, we dismiss Rosales-Gonzalez's

6

challenge to the district court's imposition of a $4,000 fine because this issue does not fall within a waiver exception.

### III.

Rosales-Gonzalez argues that the district court violated the Excessive Fines Clause of the Eighth Amendment by imposing the $4,000 fine. He contends that the fine was disproportional, and therefore unconstitutional, given his inability to pay and the district court's failure to tailor the fine to the loss his offense caused. He asserts that because the district court made no findings before imposing the fine, the record was insufficiently developed for appellate review and this court should vacate his fine and remand to the district court for further proceedings. The government responds that Rosales-Gonzalez did not assert this specific challenge in the district court, and his claim is thus subject to plain error review. The government contends that Rosales-Gonzalez cannot demonstrate plain error, and this court should affirm.

We review *de novo* whether a fine is excessive, in violation of the Eighth Amendment's Excessive Fines Clause. *See United States v. Seher*, 562 F.3d 1344, 1370 (11th Cir. 2009) (reviewing Eighth Amendment challenge for forfeiture order). A fine constitutes an excessive fine "if it is grossly disproportional to the gravity of a defendant's offense." *Id.* at 1371 (quotation marks omitted). To determine whether a fine is grossly disproportional to the defendant's offense, we

consider (1) whether the defendant is in the class of persons at whom the criminal statute was primarily directed; (2) what other penalties were authorized for the offense by the legislature or the Sentencing Commission; and (3) the harm caused by the defendant. *United States v. Sperrazza*, 804 F.3d 1113, 1127 (11th Cir. 2015) (reviewing forfeiture order). We strongly presume that a fine within the range of fines allowed by Congress for the offense is constitutional. *Seher*, 562 F.3d at 1371. Whether a fine is excessive is determined in relation to the characteristics of the offense, not the characteristics of the offender. *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036 (1998) (reviewing forfeiture order). In conducting the three-pronged analysis of proportionality to determine whether a fine is excessive, we do not consider the impact the fine would have on an individual defendant. *Seher*, 562 F.3d at 1371.

The maximum statutory fine for an illegal reentry conviction is $250,000. 18 U.S.C. § 3571(b)(3). The guideline fine range for a defendant with a total offense level of 10 is $4,000 to $40,000. U.S.S.G. § 5E1.2(c)(3). In determining whether to impose a fine and the amount of any fine, the district court should consider, among other factors, the defendant's ability to pay, the burden that the fine may place on the defendant and his dependents, and the expected costs of imprisonment. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).

To preserve an issue for appeal, a defendant must raise it in clear and simple

8

language so that the trial court will not misunderstand it. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). A defendant fails to preserve an issue for appeal if the factual predicate of the objection is included in the sentencing record, but the objection is presented to the court under a different legal theory. *Id.*

Assuming *arguendo* that Rosales-Gonzalez preserved the issue for review, when applying the test described in *Sperrazza*, we conclude that the district court did not err in imposing the fine. First, Rosales-Gonzalez is within the class of persons whom the illegal reentry statute was meant to cover because he repeatedly entered the United States after being deported. *See* 8 U.S.C. § 1326(a), (b)(1); *Sperrazza*, 804 F.3d at 1127. Second, the fine is not grossly disproportionate to his offense, particularly in light of the other penalties authorized for the offense. *See id.* In addition, the fine is well below the statutory maximum fine of $250,000, and thus is entitled to a presumption of constitutionality. *See Seher*, 562 F.3d at 1371; 18 U.S.C. § 3571(b)(3). Further, because his fine is at the bottom of the guideline range, it is presumptively constitutional. *See* U.S.S.G. § 5E1.2(c)(3); *Seher*, 562 F.3d at 1371.

Furthermore, based on its review of the record, the district court considered the harm caused by Rosales-Gonzalez and noted the number of times he entered the United States illegally and the additional criminal conduct in which he engaged while he was illegally present in this country, including battery and DUI. The

district court specifically noted that driving while under the influence of alcohol puts everyone on the road at risk. The district court also noted that the cost of imprisonment for Rosales-Gonzalez will far exceed the $4,000 fine.

Accordingly, based on our review of the record and application of the three-prong proportionality test outlined in *Sperrazza*, we conclude that the district court did not err in imposing the $4,000 fine. The fine was not grossly disproportionate to Rosales-Gonzalez's offense conduct and did not violate the Excessive Fines Clause. Thus, we affirm the district court's imposition of the fine.

## IV.

Rosales-Gonzalez argues that the district court erred when it imposed a significant upward variance to his sentence (15 months). He contends that the district court mainly focused on his criminal history in sentencing him and did not consider any mitigating factors. He claims that he is a "mine-run" case (meaning he is an average illegal-reentry defendant who only reenters a few times and has a low criminal history score), so this court should closely scrutinize the district court's justifications for the variance. The government responds that the district court's sentence was within its discretion and appropriate.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging a sentence bears the burden of demonstrating that the

sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). A district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court may consider a defendant's prior criminal conduct when imposing an upward variance, even though the probation officer already considered that conduct when calculating the guideline range. *United States v. Moran*, 778 F.3d 942, 984 (11th Cir. 2015).

Based on our review of the record, we conclude that the district court did not abuse its discretion in varying upward by 15 months in imposing Rosales-Gonzalez's sentence. The district court stated at sentencing that it was placing a heavy emphasis on the nature and circumstances of the offense in light of Rosales-Gonzalez's prior criminal history, promoting respect for the law, and deterring Rosales-Gonzalez from continued violations of the prohibition against him illegally entering the country. The instant offense was, conservatively, Rosales-Gonzalez's

sixth illegal entry into the United States. The district court noted that his previous sentences for illegal reentry had not deterred him from continuing to violate the law, both in reentering this country illegally and committing crimes while in the United States illegally. The district court made an individualized assessment after weighing the nature and circumstances of Rosales-Gonzalez's conviction for illegal reentry as well as his history and characteristics as a repeat offender. The district court had discretion to place specific emphasis on these factors, and Rosales-Gonzalez cannot demonstrate that the district court committed a clear error of judgment in doing so.

Rosales-Gonzalez urges this court to remand because the district court did not consider sentence disparity in varying upward, but the case he cites for support is distinguishable and not binding on our court. *See United States v. Perez-Rodriguez*, 960 F.3d 748 (6th Cir. 2020) (defendant did not have a pattern of illegal entries, nor did his past acts present an ongoing risk of harm to the public, and his criminal history category was II). Furthermore, Rosales-Gonzalez's reference to statistics on the sentences imposed on illegal reentry offenders does not show that his sentence was unreasonable.

We conclude, from the record, that the district court was within its discretion to weigh Rosales-Gonzalez's criminal history more heavily in considering an upward variance, especially because not all of his illegal entries and arrests were accounted for in the calculation of his criminal history category. Moreover, we note

12

that his resulting sentence was well below the statutory maximum of ten years, which is an indication of reasonableness. *See Rosales-Bruno*, 789 F.3d at 1256–57. Accordingly, for the aforementioned reasons, we conclude that the district court did not substantively err in varying upward and sentencing Rosales-Gonzalez to 36 months' imprisonment.

**DISMISSED IN PART AND AFFIRMED IN PART**.