[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12233

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BOBBY LEE MATHIS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cr-14016-KMM-1

_____

Before WILSON, JORDAN, AND LAGOA, Circuit Judges.

PER CURIAM:

Bobby Lee Mathis, III, appeals his sentence of 11 months' imprisonment and 2 years' supervised release imposed upon revocation of his original term of supervised release.  Mr. Mathis has filed a joint motion for summary reversal in which he and the government agree that the government breached the plea agreement when it recommended a sentence of six months' imprisonment instead of time served.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

When a defendant does not object to an alleged breach of a plea agreement below, we review that alleged breach only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009).  To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; and (3) it affected his substantial rights.  If the appellant satisfies this standard, we have the discretion to correct the error if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  *See*

*Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018); *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).

As a general matter, an error is plain if it violates the explicit language of a statute or rule or where there is binding precedent directly resolving the issue. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). In the context of an alleged breach of a plea agreement, the question of impact on substantial rights depends on whether the defendant's ultimate sentence was influenced by the breach, not on whether the defendant would have entered the agreement otherwise. *See United States v. De La Garza*, 516 F.3d 1266, 1270-71 (11th Cir. 2008). An error seriously affects the fairness, or the integrity or public reputation, of judicial proceedings when it poses a risk of unnecessary deprivation of liberty. *See Rosales-Mireles*, 585 U.S. at 137, 140.

Plea agreements are "essentially contracts" between criminal defendants and the government. *See Puckett*, 556 U.S. at 137. "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). And "the government breaches a plea agreement when it fails to perform the promises on which the plea was based." *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). "[R]eversal is based upon a policy interest in establishing the trust between defendants and prosecutors that is necessary to sustain plea bargaining[,] an essential and highly desirable part of the criminal process." *Id.* at 1329 (quotation marks omitted) (describing the justification

for automatic reversal in cases where the defendant's objection to the breach was preserved). In any case, "pleas are not some adjunct to the criminal justice system; they are the criminal justice system." *Carmichael v. United States*, 966 F.3d 1250, 1261 (11th Cir. 2020) (quotation marks omitted, alterations accepted).

There "are two remedies available when a plea agreement is breached: (1) remand the case for resentencing according to the terms of the agreement before a different judge, or (2) permit the withdrawal of the guilty plea." *Hunter*, 835 F.3d at 1329 (quotation marks omitted, alteration accepted). We have the discretion to choose between those remedies, but the latter is disfavored. *See id.*

Here, even under the plain error standard, the parties' position is clearly correct as a matter of law such that there can be no substantial question as to the outcome of the case. *See Groendyke*, 406 F.2d at 1162. First, the government promised but failed to recommend a sentence of time served at Mr. Mathis' sentencing hearing, violating the parties' plea agreement. Second, this error was plain because binding precedent establishes that the government was bound to uphold its end of the bargain. *See Taylor*, 77 F.3d at 370; *Hunter*, 835 F.3d at 1324. Third, the error affected Mr. Mathis' substantial rights because the government's argument for why a sentence including a term of additional imprisonment was appropriate likely influenced the district court's ultimate imposition of the sentence. Fourth, the error seriously affected the fairness, integrity, or public reputation of judicial proceedings because plea bargaining and expecting the government to uphold its end of plea

agreements is a crucial part of the criminal justice system.  *See Hunter*, 835 F.3d at 1329; *Carmichael*, 966 F.3d at 1261.

Accordingly, we GRANT the joint motion for summary reversal, REVERSE Mr. Mathis' sentence, REMAND his case for resentencing consistent with this opinion, and DENY the parties' request to stay the briefing schedule as moot.

**REVERSED AND REMANDED**.