[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10053

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THOMAS JAMEL YOUNGBLOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00066-LSC-JTA-1

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Jamel Youngblood appeals his conviction and 108-month sentence for possession of a firearm by a convicted felon. First, he argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). Second, he contends that the district court erred in applying a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), because it impermissibly relied on the commentary to the Sentencing Guidelines. After review of the parties' briefs and the record, we affirm.

**I**

A federal grand jury charged Mr. Youngblood with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Youngblood pled guilty to the charge without the benefit of a plea agreement, and he did not raise a Second Amendment challenge to § 922(g)(1).

The presentence investigation report assigned Mr. Youngblood a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because he had six previous felony convictions for first-degree robbery. The report added a 2-level increase, pursuant to U.S.S.G § 2K2.1(b)(4)(A), because the firearm that he possessed was stolen from the victim's apartment, and a 4-level increase,

24-10053                Opinion of the Court                3

pursuant to U.S.S.G § 2K2.1(b)(4)(B), because he unlawfully possessed the firearm in connection with a burglary.

Based on these determinations, the report calculated a total offense level of 30, a criminal history category of V based on a criminal history score of 12 (10 points from previous convictions and 2 points because he committed the offense while under a criminal justice sentence). Mr. Youngblood's advisory guideline imprisonment range was 151 to 188 months, but because the statutory maximum term was 10 years' imprisonment, his guideline term of imprisonment was 120 months.

During sentencing, the government moved for a downward departure pursuant to U.S.S.G § 5K1.1 based on Mr. Youngblood's substantial assistance. The district court granted that motion. With a criminal history category of V, his guideline range dropped to 108 months. The district court sentenced Mr. Youngblood to 108 months' imprisonment and a 3-year term of supervised release.

Mr. Youngblood timely appealed.

## II

Mr. Youngblood first challenges the constitutionality of § 922(g)(1), which prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm. Because this argument is being raised for the first time on appeal, our review is for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

Mr. Youngblood argues that prohibition, as applied to him, runs afoul of the Second Amendment. But that argument fails because it is foreclosed by this Circuit's precedent. *See United States v. Dubois*, No. 22-10829, 2025 WL 1553843, at *4–*5 (11th Cir. June 2, 2025) (concluding that neither *United States v. Rahimi*, 602 U.S. 680 (2024), nor *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), abrogated this court's holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that § 922(g)(1) is constitutional under the Second Amendment).

Given our binding decisions in *Dubois* and *Rozier*, we affirm Mr. Youngblood's conviction under § 922(g)(1).

### III

Mr. Youngblood next argues that the district court improperly applied a 4-level enhancement, under U.S.S.G § 2K2.1(b)(6)(B), based on the commentary to the Sentencing Guidelines, rather than the plain wording of the provision itself. He asserts that the application note expanded the scope of the conduct covered by the guideline provision and that our decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), prohibits courts from relying on the commentary where the guideline provision is unambiguous. According to Mr. Youngblood, § 2K2.1(b)(6)(B) is not ambiguous, and therefore, the commentary could not be used to justify applying the provision.

We generally review a sentencing challenge raised for the first time on appeal for plain error. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). When a defendant objects to

an enhancement in the district court but does not assert that the language is unambiguous or challenge the court's reliance on the commentary, a *Dupree*-based challenge on appeal is reviewed for plain error. *See United States v. Verdeza*, 69 F.4th 780, 794 (11th Cir. 2023) (holding that plain-error review applied where the defendant did not preserve the question of whether § 2B1.1's definition of "loss" is ambiguous and thus required resort to the guidelines' commentary).

Mr. Youngblood is correct that § 2K2.1(b)(6)(B) is not ambiguous. *See United States v. James*, 135 F.4th 1329, 1337 (11th Cir. 2025) (holding that § 2K2.1(b)(6)(B) is unambiguous, and accordingly the district court erred by deferring to the guidelines' commentary notes). But his argument fails for the simple reason that there was no error here at all, let alone one that was plain. *See United States v. Horn*, 129 F.4th 1275, 1297 (11th Cir. 2025) ("[A]n error cannot be plain unless the issue has been specifically and directly resolved by . . . on point precedent from the Supreme Court or this Court.") (internal quotations marks omitted). The district court does not appear to have deferred to the commentary, instead finding that Mr. Youngblood's conduct fell squarely within the scope of the guideline provision's plain text.

Under § 2k2.1(b)(6)(B), a 4-level enhancement applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with

6                    Opinion of the Court                24-10053

another felony offense." The commentary to this provision states that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." § 2K2.1, comment. (n.14(A)). The commentary further provides that the enhancement applies when the offense occurs in the course of a burglary, and the defendant "finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." § 2K2.1(b)(6)(B), comment. (n.14(B)).

Mr. Youngblood objected to the enhancement below based on the text of the commentary, arguing that there was "no evidence that the gun facilitated the commission of the burglary in any way" or "had the potential to facilitate the burglary." D.E. 101 at 43. The government responded that the application of § 2K2.1(b)(6)(B) was "appropriate where [the defendant] possessed a firearm, even if he possessed the firearm by virtue of committing the burglary," and the district court "agreed with that[.]" *Id.* As we see it, the district court found that the enhancement applied by relying on the plain language of the guideline provision itself, without making reference to the commentary.

We agree with the district court that Mr. Youngblood's conduct is covered by the language of § 2K2.1(b)(6)(B). Our precedent is clear that "the phrase 'in connection with' must be interpreted broadly." *James*, 135 F.4th at 1334. And we have held—without relying on the commentary—that "a defendant possesses a firearm 'in connection with another felony offense,' [under]

§ 2K2.1(b)(6)(B)—even if the firearm itself is the 'fruit' of the other offense—if it facilitates, or has the potential of facilitating, the other offense." *United States v. Brooks*, 112 F.4th 937, 950 (11th Cir. 2024).

Here Mr. Youngblood acquired the firearm during "another felony offense"—the burglary that he was arrested for. That the firearm was a "fruit" of the burglary is of no moment under *Brooks*. His conduct is sufficient to constitution "possess[ion of] any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B).

Because Mr. Youngblood's conduct clearly falls within the unambiguous scope of § 2K2.1(b)(6)(B), we affirm his sentence.

### III

In conclusion, we reject Mr. Youngblood's Second Amendment Challenge to 18 U.S.C. § 922(g)(1) and affirm the district court's application of a 4-level enhancement under § 2K2.1(b)(6)(B).

**AFFIRMED.**