**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12915

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LESLIE MEYERS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:18-cr-00058-LAG-TQL-1

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Leslie Meyers appeals his 123-month sentence for one count of conspiracy to violate the Animal Welfare Act, two counts of transporting and delivering a dog for use in an animal fighting

venture, one count of sponsoring and exhibiting a dog in an animal fighting venture, and one count of possession of a firearm as a convicted felon.  Meyers argues that his sentence was unreasonable because the district court erroneously found that he hanged his dog to death.  He also argues that the court erred by not reviewing interview transcripts of the government's witnesses and relying on unspecified evidence from extrinsic judicial proceedings to find he hanged his dog to death.  We disagree and affirm the decision of the district court.

## I

Meyers claims that the district court clearly erred in both linking him to the death of his dog and finding that his dog died from hanging.  Appellant Br. at 33–34.  We will deem a district court's factual findings clearly erroneous only when, based on the record, we have a "definite and firm conviction" that the court made a mistake.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quoting *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008)).  The district court's factual findings for sentencing purposes may be based on "evidence heard during trial, undisputed statements in the PSI [Pre-Sentencing Investigation], or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).  Such evidence must be "reliable and specific" and permit the parties to test its "reliability or validity." *United States v. Lawrence*, 47 F.3d 1559, 1566, 1568 (11th Cir. 1995).  "When a defendant challenges one of the factual bases of his sentence . . . the Government has the burden of establishing the disputed fact by a preponderance of the evidence." *Id.* at 1566.

24-12915                Opinion of the Court                3

Moreover, a court's finding is not clearly erroneous where "the district court's account of the evidence is plausible in light of the record viewed in its entirety," even if we would have weighed the evidence differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985). However, a factual finding relying on evidence that is "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it" can be clearly erroneous. *Id.* at 575.

Here, the district court's finding that Meyers killed his dog was not clearly erroneous. Several pieces of circumstantial evidence cited by the district court reasonably connect Meyers to the fatal hanging of his dog: (1) Undisputed statements in the PSI and testimony from Agent Bridges of the U.S. Department of Agriculture confirmed that Meyers's dog was found dead under the rear bumper of his own car, Presentence Investigation Report ¶ 33, Dkt. No. 522; Remand Sentencing Hr'g Tr. at 18–19; (2) Bridges also testified that Meyers personally handled his dog during and after the fight, Remand Sentencing Hr'g Tr. at 14; and (3) Alonza Jordan, a fellow attendee of the fight, stated that he observed Meyers "attempt[] to hang the dog from the rear tailgate of the SUV car he was standing behind" and that, after the tailgate failed to support the dog's weight, he "picked the dog up off the ground by the belt around its neck" and "then walked behind the car . . . while holding the dog in the air," *id.* at 79; Gov't Ex. 617–5 at 3–4. Jordan reiterated at the sentencing hearing that he witnessed two attempted hangings. Remand Sentencing Hr'g Tr. at 80.

True, no one who testified bore direct witness to the fatal hanging. Meyers contends that this, combined with the inability of the testifying witnesses to identify him personally on the day of the hearing, constitutes error. But "the district court may find the requisite [element of the crime] based on circumstantial evidence and reasonable inferences drawn from the facts." *United States v. Arcila Ramirez*, 16 F.4th 844, 854 (11th Cir. 2021). "[E]xamining the record as a whole," it is enough that Agent Bridges was able to identify Meyers on video and confirm his role as the dog's handler during the fight, Remand Sentencing Hr'g Tr. at 14, and that everyone else linked Meyers to his actions in connection with his role as the dog's handler, *id*. at 76. *Arcila Ramirez*, 16 F.4th at 854.

The district court's conclusion that Meyers's dog died from the hanging is also reasonable when viewing the record in its entirety. Timothy White, a fellow attendee of the dog fight and Myers's match opponent, testified that Meyers's dog was not mortally injured during the fight. *See* Remand Sentencing Hr'g Tr. at 43–44. Starlin Morgan, another attendee and the match referee, stated that he saw the dog hanging after the fight. *Id*. at 64–65. While White did not personally witness Meyers's dog hanging, another attendee told him to go hang his dog "with the other dog." *Id*. at 47. It is undisputed that Meyers's dog was ultimately found dead after these events. While it's not clear at what exact moment in between the second hanging and the police arriving the dog actually died, it was not unreasonable for the district court to conclude that the hangings proximately caused the dog's death.

It also was not unreasonable for the district court to conclude that the perceived reputational hit Meyers took as a result of his dog's refusal to perform a "courtesy scratch"—when a dog demonstrates aggression by attacking an opponent that's already down—was sufficient motive for him to kill the dog. Agent Bridges testified that handlers "put[] [their] reputation on the line" and seek "extra prestige" by having their dogs perform courtesy scratches at the end of fights. *Id.* at 24. It is not disputed that Meyers's dog failed to perform this act. Jordan testified that after the fight he heard someone "aggravating [Meyers] about the dog" and "telling him . . . [y]ou need to kill this dog." *Id.* at 76. This record is sufficient to establish motive. In sum, Meyers has not shown that the district court clearly erred in finding he killed his dog.

## II

Meyers also claims that the district court committed procedural error both by failing to review interview transcripts of the government's witnesses and by relying on unspecified evidence from extrinsic judicial proceedings in conducting its factfinding. When reviewing this issue of procedural reasonableness, we ordinarily consider legal issues de novo and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). However, when a party does not argue procedural reasonableness before the district court, we review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Meyers raises these claims for the first time on appeal. Any general objections he made to the sentence's procedural

reasonableness were not "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015) (quoting *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007)).  Therefore, we review the district court's decision to not review the witness transcripts for plain error.

Plain error requires the defendant to show that (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness of judicial proceedings.  *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).  To demonstrate that an error affected his substantial rights, the defendant bears the burden of showing that the error "must have affected the outcome of the district court proceedings." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 632 (2002)).

Meyers has failed to meet his burden of showing that either error would have affected the outcome of the district court proceedings.  He identifies no proffered statement by any witness that would have contradicted the district court's reasoning.  Nor does he show that the judge's alleged reliance on extrinsic evidence made any difference.  As already explained, the district court's decision was supported by the testimony at the sentencing hearing. We therefore find no plain error in the district court's actions.

### III

In sum, Leslie Meyers has failed to show that the district court was unreasonable in finding that he had fatally hanged his dog.  He has also failed to show the district court was procedurally unreasonable in his sentencing.

**AFFIRMED.**