**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-10232

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JIMMY DERRICK DIGGS,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00007-SPC-NPM-1

————————————————

————————————————

No. 24-10233

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JIMMY DERRICK DIGGS,

*Defendant-Appellant.*

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00106-SPC-KCD-1

—————————————

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Jimmy Diggs appeals his sentences for two counts of possession of a firearm as a convicted felon, entered in separate cases. *See* 18 U.S.C. § 922(g)(1). According to Diggs, the district court erred by enhancing his sentence under the Armed Career Criminal Act because his prior Florida cocaine convictions were not serious drug offenses since Florida's definition of cocaine was categorically broader than the federal definition. Below, the issue he raised was that Florida's cocaine definition included ioflupane while the federal definition did not. Now, the issue he raises is that Florida's definition of cocaine included "any stereoisomer of cocaine," while the federal definition only included "optical and geometric isomers" of cocaine. Reviewing his unpreserved isomer issue for plain error, we conclude that the district court did not plainly err in treating Diggs's prior convictions as serious drug offenses under the Act.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Diggs pleaded guilty in two separate cases to possessing firearms as a convicted felon. Diggs moved for a single sentencing hearing, which the district court granted.

The probation office prepared a presentence report for both cases, recommending that Diggs be sentenced as an armed career criminal. According to the report, Diggs had at least three prior convictions for violent felonies or serious drug offenses committed on different occasions: (1) a 1990 Florida conviction for the sale, manufacture, or possession with intent to sell cocaine; (2) a 1993 armed robbery; and (3) a 2011 Florida conviction for the sale of cocaine within 1,000 feet of a specified area.

Diggs objected to the designation as an armed career criminal, asserting that his drug convictions were not serious drug offenses under the Act because Florida's definition of cocaine was categorically broader than the federal definition. Specifically, he contended that, at the time he committed the predicate offenses, Florida's drug schedules included ioflupane while the federal drug schedules did not. *Compare* Fla. Stat. § 893.03(2)(a)(4) (1990); *id.* § 893.03(2)(a)(4) (2011) *to* 21 U.S.C. § 812 Sched. II at (a)(4) (1990); *id.* § 812 Sched. II at (a)(4) (2011). The district court overruled Diggs's objection because it was foreclosed by our decision in *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom.*, *Brown v. United States*, 602 U.S. 101 (2024). Adopting the presentence report, the district court sentenced Diggs under the Act as an armed career criminal.

Diggs now appeals his sentence.  This time, however, he contends that Florida's cocaine definition was overbroad because it encompassed "stereoisomers," while the federal definition included only "optical and geometric isomers."  *Compare* Fla. Stat. § 893.03(2)(a)(4) (1990); *id.* § 893.03(2)(a)(4) (2011) *to* 21 U.S.C. § 812 Sched. II at (a)(4) (1990); *id.* § 812 Sched. II at (a)(4) (2011). Reviewing the issue for plain error, we affirm the district court's sentence.

## STANDARD OF REVIEW

We review unpreserved challenges for plain error.  *United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023).

## DISCUSSION

The Armed Career Criminal Act requires any person who violates 18 U.S.C. section 922(g) to serve a mandatory minimum imprisonment sentence of fifteen years when the defendant is an "armed career criminal," meaning he has three prior convictions for violent felonies or serious drug offenses committed on separate occasions.  18 U.S.C. § 924(e)(1).  A "prior state drug conviction constitutes" a predicate conviction under the Act "if the drugs on the federal and state schedules matched when the state drug offense was committed."  *Brown*, 602 U.S. at 119.

In making this determination, we apply a categorical approach and consider the statutory definition of the state offense rather than the facts of the crime itself.  *Jackson*, 55 F.4th at 850.  A state conviction qualifies as a predicate under the Act only if the state statute under which the conviction occurred defines the

offense in the same way as, or more narrowly than, the federal definition of a "serious drug offense." *Id.* That is, "all the controlled substances covered by the state law must also be controlled substances under federal law." *Laines*, 69 F.4th at 1233.

Here, Diggs contends that his Florida convictions do not qualify as serious drug offenses because Florida's cocaine definition was broader than the federal definition. Specifically, Diggs asserts that Florida's definition encompassed "stereoisomers," while the federal definition included only "optical and geometric isomers." *Compare* Fla. Stat. § 893.03(2)(a)(4) (1990); *id.* § 893.03(2)(a)(4) (2011) *to* 21 U.S.C. § 812 Sched. II at (a)(4) (1990); *id.* § 812 Sched. II at (a)(4) (2011). But, as Diggs concedes, in the district court, he focused only on Florida's inclusion of ioflupane in its drug schedules and he did not mention isomers. Thus, as we will explain, we must review the isomer issue for plain error. And the district court did not plainly err.

## I.

Because both his issues relate to whether Florida's cocaine definition was overbroad, Diggs contends that he preserved the isomer issue by raising the ioflupane issue in the district court. We disagree.

"To preserve an issue for appeal, one must raise an objection that is sufficient to apprise" the district court and the opposing party of "the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotation marks omitted). "[T]he district court is not

6                    Opinion of the Court                24-10232

expected to read minds or independently conceive of every possible argument a party might raise in support of an objection." *Id.* Instead, "[i]t is a defendant's—or his counsel's—burden to articulate the specific nature of his objection . . . so that the district court may reasonably have an opportunity to consider it." *United States v. Zinn*, 321 F.3d 1084, 1090 (11th Cir. 2003); *see also United States v. Corbett*, 921 F.3d 1032, 1043 (2019) (explaining that a defendant must raise "specific factual and legal argumentation at every stage of sentencing proceedings"). Thus, a defendant fails to preserve a challenge to his sentence when his objections before the district court are "substantively different" from what he raises on appeal. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

Here, Diggs failed to preserve his challenge. Diggs's ioflupane objection that he raised before the district court was "substantively different" than the isomer objection he raises now. *See id.* The isomer issue relies on different chemical compounds and would require consideration of different arguments about the textual differences between the Florida and federal statutes—arguments that the government did not have an opportunity to present and the district court did not have the opportunity to consider—and different evidence about isomer types in cocaine. *See Zinn*, 321 F.3d at 1090; *cf. also Ramirez-Flores*, 743 F.3d at 819-21 (finding an argument below that a prior burglary conviction was not a crime of violence because the judgment described the offense as a nonviolent burglary was "substantively different" than the argument on appeal that the conviction was not a crime of violence because the state burglary statute was not divisible and encompassed more

conduct than the generic definition of burglary). Diggs could not have "sufficiently apprise[d]" the district court or the government of the isomer issue when he did not mention isomers during the sentence hearing. *Straub*, 508 F.3d at 1011; *see also Corbett*, 921 F.3d at 1043 ("When the statement is not clear enough to inform the district court of the legal basis for the objection, the objection is not properly preserved." (cleaned up)). And the district court was not sufficiently apprised. That's why the district court's only ruling was that the ioflupane objection was foreclosed by binding precedent under *Jackson*, a case that had nothing to do with isomers. *See* 55 F.4th at 850.

It was Diggs's "burden to articulate the specific nature" of his objection. *Zinn*, 321 F.3d at 1090. Since he failed to do so, it is not preserved. *Cf. id. at* 1090 n.7 (finding that "[a]ppellant's counsel's argument to the district court that polygraph testing was 'not a proper condition' of supervised release was inadequate to properly apprise the court of the very focused objections he . . . raise[d] for the first time on appeal, including that the condition violates his Fifth Amendment rights and improperly delegates authority to the probation officer"). Thus, we review the isomer issue for plain error.

## II.

Diggs has not demonstrated that the district court plainly erred by sentencing him under the Act. Under a plain error standard, the defendant must establish that an error occurred, the error was "plain," and the error affected the defendant's substantial

rights. *Laines*, 69 F.4th at 1229 (quotation marks omitted). "An error is 'plain' if it is obvious or clear under current law." *Id.* (quotation marks omitted). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Diggs has not identified any binding precedent establishing that the district court erred by determining that his Florida cocaine convictions constituted serious drug offenses. In fact, our precedent suggests the opposite is true. We have recently held that a district court did not plainly err by classifying a defendant's similar prior conviction under Florida law as a serious drug offense under the Act even though Florida's cocaine definition included "any stereoisomer of cocaine" and the federal definition "covered only 'optical and geometric isomers.'" *Laines*, 69 F.4th at 1233–35 (first quoting Fla. Stat. § 893.03(a)(4)(1991); then quoting 21 U.S.C. § 812(c), Sched. II(a)(4) 1988 & Supp. 1991). We explained that the defendant had not identified any authority demonstrating that Florida's cocaine definition was clearly overbroad, and thus, the defendant had not met his burden to show plain error. *Id.* at 1233–34. The same is true here.

## CONCLUSION

Because the district court did not plainly err in treating Diggs's prior cocaine convictions as serious drug offenses under the Act, we affirm his sentences.

24-10232                Opinion of the Court                9

**AFFIRMED.**